UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEPHEN MELISE<br>*Plaintiff*<br><br>v.<br><br>ASHBEL T. WALL, *et al.*<br>*Defendants* | :<br>:<br>:<br>:  C.A. No.: 1:17-cv-00490-JJM-PAS<br>:<br>:<br>: |

## DEFENDANT FRED VOHR'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Now comes Defendant Fred Vohr, and hereby moves, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), to dismiss this matter due to Plaintiff's failure to state a claim upon which relief may be granted. Defendant relies upon the attached memorandum of law in support of his motion.

DEFENDANT FRED VOHR

By his attorneys,

**TATE & LATHAM, LLC**

 /s/ Jeffrey G. Latham
Jeffrey G. Latham, Esquire (#6264)
321 South Main Street, Suite 402
Providence, RI 02903
401.421.7400
jlatham@tatelawri.com

 /s/ Alexandra C. Curran
Alexandra C. Curran, Esquire (#8524)
321 South Main Street, Suite 402
Providence, RI 02903
401.421.7400
acurran@tatelawri.com

## CERTIFICATION

I hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF system to the following attorneys of record on this 31st day of January, 2018.

Chloe A. Davis, Esq.
Law Office of Chloe Davis, Esq.
2374 Post Road, Suite 201
Warwick, RI 02886
chloe.a.davis@gmail.com

Shannah M. Kurland, Esq.
149 Lenox Avenue
Providence, RI 02907
Skurland.esq@gmail.com

Thomas A. Palombo, Esquire
Attorney General's Office
150 South Main Street
Providence, RI 02903
*tpalombo@riag.ri.gov*

                        /s/ Jeffrey G. Latham

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEPHEN MELISE<br>*Plaintiff* | :<br>:<br>: |
| v. | : C.A. No.: 1:17-cv-00490-JJM-PAS<br>: |
| ASHBEL T. WALL, *et al.*<br>*Defendants* | :<br>: |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FRED VOHR'S MOTION TO DISMISS

NOW COMES Defendant Fred Vohr and hereby submits this memorandum of law in support of his motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### FACTS AND TRAVEL

On October 21, 2017, Plaintiff Stephen Melise, an inmate at the Rhode Island Adult Correctional Institutes ("ACI"), filed a Complaint in the United States District Court for The District of Rhode Island. [ECF 1.] The Complaint sets forth allegations against the defendants regarding injuries he claims to have sustained as the result of falling out of his upper bunk. See Cmplt., ¶¶ 34 – 40; 44 – 49. The Plaintiff claims, *inter alia*, that there were numerous medical orders for him to be placed in a lower bunk but that these orders were ignored by the ACI's non-medical staff, specifically by Defendant Kerri McCaughey. Id. As to Defendant Vohr, the Complaint states that he is "sued individually and in his official capacity for his acts and/or omissions while acting as Medical Director of [Department of Corrections] facilities." Id., ¶ 4. The Complaint further states that Defendant Vohr "had actual or constructive knowledge of violations of the Plaintiff's constitutional rights and knew or had constructive notice of the practices that led to them. He did not act to stop or curb them. He created maintained, and/or

implemented policies or customs acquiescing to, allowing, encouraging, and/or ratifying these unlawful acts." Id.  Although 63 paragraphs of the Complaint are dedicated to a detailed recitation of the alleged facts, with specific allegations regarding Defendant McCaughey, there is scant mention of Defendant Vohr and no facts are offered as to his role in causing Plaintiff's injuries or of the policies or customs he allegedly maintained and/or implemented.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Court Rules of Civil Procedure provides that "the following defenses may at the option of the pleader be made by motion, [. . . ] (6) failure to state a claim upon which relief can be granted." Federal Rule Civ. Pro. Rule 12(b)(6).  In order to survive a motion to dismiss brought under Rule 12(b)(6), the Complaint must contain "factual content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged" and it must demonstrate more than a mere possibility that the defendant is responsible for the alleged injury. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The sole function of a motion to dismiss is to test the sufficiency of the complaint, and review is confined to the "four corners of that pleading." Narragansett Electric Co. v. Minardi, 21 A.3d 274, 278 (R.I. 2011); RI Affiliate, ACLU, Inc. v. Bernasconi, 557 A.2d 1232 (R.I. 1989); Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).  The court must accept the allegations as true and review them in the light most favorable to the plaintiff; however, the court is not required to accept bald assertions and unsubstantiated facts. Id.

## ARGUMENT

The claims against Dr. Vohr individually and in his official capacity should be dismissed because the Complaint does not contain facts sufficient to state a claim for relief that is plausible on its face. Id.

> a. *<u>The claims Plaintiff asserts against Dr. Vohr in his official capacity must fail because under  42 U.S.C. § 1983 money damages are not available against a state official acting in his official capacity.</u>*

It is well settled that neither the state nor any of its officials acting in their official capacities, are 'persons' that can be held liable under § 1983. <u>Will v. Mich. Dep't of State Police,</u> 491 U.S. 58, 71 (1989). In <u>Will</u>, the Court held that a "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. [. . .]. As such, it is no different from a suit against the State itself." A suit directly against the State, will not sustain an award of monetary damages under 42 U.S.C. § 1983 because "a State is not a person within the meaning of § 1983" and Section 1983 "is directed against state action— action 'under color of' state law. It does not suggest that the State itself was a person that Congress intended to be subject to liability." <u>Id</u>. at 68.

The holding in <u>Will</u> has been applied by this court where it has been stated that "[b]ased on the Supreme Court's holding in <u>Will</u>, it is clear that neither the State of Rhode Island *nor any of its officials acting in their official capacities*, are 'persons' that can be held liable under § 1983." <u>Jones v. Rhode Island,</u> 724 F. Supp. 25, 28 (D.R.I. 1989) (emphasis added). Therefore, Plaintiff's claims for compensatory and punitive damages against Defendant Vohr in his official capacity fail as a matter of law.

> b. *<u>The claims Plaintiff asserts against Dr. Vohr individually must fail because the Complaint fails to articulate any facts to support a plausible claim against him with respect to Plaintiff's medical treatment.</u>*

Plaintiff's claims against Defendant Vohr individually should be dismissed because it is impossible to determine from the four corners of the Complaint what Plaintiff's claims are against Dr. Vohr individually. The Complaint states only conclusory allegations that this defendant "maintained, and/or implemented policies or customs acquiescing to, allowing,

3

encouraging, and/or ratifying the[] unlawful acts." Cmplt., ¶ 4. Under the pleading standards established by the United States Supreme Court in Iqbal, 556 U.S. at 678, and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Complaint fails to give notice to Defendant Vohr of the claims against him and the factual bases of those claims. Thomas v. Rhode Island, 542 F.3d 944, 948 (1st. Cir. 2008). As noted *supra*, the Complaint contains approximately 63 paragraphs dedicated to a detailed recitation of the alleged facts, with specific allegations regarding Defendant McCaughey; however, there is scant mention of Defendant Vohr and no facts are offered as to his role in causing Plaintiff's injuries or of the policies or customs he allegedly maintained and/or implemented.

The Complaint alleges that certain medical orders regarding Plaintiff's placement in a lower bunk were ignored. Therefore, in order to prove his claims against Dr. Vohr for his role in implementing or acquiescing to certain policies or customs, Plaintiff would be required to explicitly state in the Complaint, and pursue the absurd proposition that Dr. Vohr, as Medical Program Director, was responsible for policies that directed the non-medical staff at the ACI to ignore medical orders. It would be impossible from these allegations for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 56 U.S. at 678. Further, it is well established that government officials can be held liable only for their own acts or omissions and not for the acts or omissions of the individuals they supervise. Leavitt v. Corr. Med. Servs., Inc., 645 F.3d. 484, 502 (1st Cir. 2011).

WHEREFORE, Defendant respectfully requests this Court GRANT his motion to dismiss for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6).

                    **DEFENDANT FRED VOHR**

                    By his attorneys,

                    **TATE & LATHAM, LLC**

                    /s/ Jeffrey G. Latham
                    Jeffrey G. Latham, Esquire (#6264)
                    321 South Main Street, Suite 402
                    Providence, RI 02903
                    401.421.7400
                    jlatham@tatelawri.com

                    /s/ Alexandra C. Curran
                    Alexandra C. Curran, Esquire (#8524)
                    321 South Main Street, Suite 402
                    Providence, RI 02903
                    401.421.7400
                    acurran@tatelawri.com

## **CERTIFICATION**

     I hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF system to the following attorneys of record on this 31st day of January, 2018.

Chloe A. Davis, Esq.
Law Office of Chloe Davis, Esq.
2374 Post Road, Suite 201
Warwick, RI 02886
chloe.a.davis@gmail.com

Shannah M. Kurland, Esq.
149 Lenox Avenue
Providence, RI 02907
Skurland.esq@gmail.com

Thomas A. Palombo, Esquire
Attorney General's Office
150 South Main Street
Providence, RI 02903
*tpalombo@riag.ri.gov*

                    /s/ Jeffrey G. Latham