UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**STEPHEN MELISE,**
   **Plaintiff**

  v.               No.: 17-cv-00490

**ASHBEL T. WALL, alias, individually and
in his official capacity as Director of the
Rhode Island Department of Corrections,
FRED VOHR, alias, individually and in his
official capacity as Medical Director of the
Rhode Island Department of Corrections,
JENNIFER CLARKE, alias, individually
and in her official capacity as Medical Director
of the Rhode Island Department of Corrections,
KERRI MCCAUGHEY, alias, individually and
in her official capacity as a registered employee of
the Rhode Island Department of Corrections,
STATE OF RHODE ISLAND, DEPARTMENT OF
CORRECTIONS, alias, and JOHN DOES 1 -
THROUGH 10, alias,**
   **Defendants**

## ANSWER OF DEFENDANTS

Now come Defendants, the State of Rhode Island, Department of Corrections ("DOC"); Ashbel T. Wall, individually and in his official capacity as the former Director of the Rhode Island Department of Corrections ("Wall"); and Kerri McCaughey, individually and in her official capacity as Deputy Warden of the Rhode Island Department of Corrections ("McCaughey") ("State Defendants"), and hereby Answer the Complaint in this civil action filed by Plaintiff, Stephen Melise ("Plaintiff" or "Melise"), as follows:

## I.     INTRODUCTORY STATEMENT

This is an introductory statement as to which no responsive pleading is required; if a response is deemed required, any and all allegations are denied and Plaintiff is left to his proof thereof.

## II.     PARTIES

1.     State Defendants admit that Plaintiff was committed to the Adult Correctional Institute ("ACI") on or about May 8, 2013 and has remained incarcerated at the ACI since then. As to any and all remining allegations in Paragraph 1, Defendants are without sufficient knowledge to form a belief as to the truth of the allegations and on that basis the allegations are denied and Plaintiff is left to his proof thereof.

2.     Admitted only that Wall is a citizen and resident as set forth, and was the former Director of the DOC. Denied that Wall is a proper party defendant in his individual capacity. Any and all remaining allegations are denied and Plaintiff is left to his proof thereof.

3.     Admitted only that McCaughey is a Deputy Warden employed by the DOC. Denied that McCaughey is a proper party defendant in her individual capacity. Any and all remaining allegations are denied and Plaintiff is left to his proof thereof.

4.     These allegations are made against party defendant Vohr who is not an answering Defendant herein. Admitted only that Vohr was employed by the DOC as medical director. Any and all remaining allegations are denied and Plaintiff is left to his proof thereof.

5.     These allegations are made against party defendant Clarke who is not an answering Defendant herein. Admitted only that Clarke was employed by the DOC as medical director. Any and all remaining allegations are denied and Plaintiff is left to his proof thereof.

6.     As to the first sentence in Paragraph 6, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as to why the State is sued and on that basis the allegations are denied and Plaintiff is left to his proof thereof. Further, this sentence sets forth legal conclusions as to which no responsive pleading is required; if deemed required, the allegations in this sentence are denied and Plaintiff is left to his proof thereof. The allegations in the second sentence in Paragraph 6 are admitted. The third sentence in Paragraph 6 is a statement of jurisdiction and sets forth legal conclusions as to which no responsive pleading is required; if deemed required, the allegations in this sentence are denied and Plaintiff is left to his proof thereof.

7. This Paragraph sets forth allegations against unidentified, unknown "Doe" Defendants. State Defendants are without sufficient knowledge to form a belief as to the truth of the allegations in this Paragraph and on that basis the allegations are denied and Plaintiff is left to his proof thereof.

8. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis the allegations are denied and Plaintiff is left to his proof thereof.

9. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis the allegations are denied and Plaintiff is left to his proof thereof.

### III.     JURISIDICTION

10. This Paragraph is a statement of venue and no responsive pleading is required hereto; if deemed required, the allegations in this Paragraph are denied and Plaintiffs are left to their proof thereof.

### IV.     VENUE

11. This Paragraph is a statement of venue and no responsive pleading is required hereto; if deemed required, the allegations in this Paragraph are denied and Plaintiff is left to his proof thereof.

### V.     MATERIAL FACTS

12. Denied.

13. State Defendants are without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 13 and on that basis the allegations are denied and Plaintiff is left to his proof thereof.

14. State Defendants admit that on or about October 22, 2014, Plaintiff was transferred to Medium Security Facility. To the extent that this paragraph sets forth additional allegations, they are denied and Plaintiff is left to his proof thereof.

15. Denied as written.

16. State Defendants are without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 16 and on that basis the allegations are denied and Plaintiff is left to his proof thereof.

17.     State Defendants admit that on November 12, 2014, Nurse Practitioner Marianne Warren ordered that Plaintiff be given a bottom bunk. To the extent that this paragraph sets forth additional allegations, they are denied and Plaintiff is left to his proof thereof.

18.     Denied.

19.     Admitted.

20.     Denied.

21.     Denied.

22.     Denied.

23.     State Defendants admit that Plaintiff told a nurse he fell on or about November 29, 2015. As to any and all remaining allegations in paragraph 23, State Defendants are without sufficient knowledge to form a belief as to the truth of the allegations and on that basis the allegations are denied and Plaintiff is left to his proof thereof.

24.     Denied as written.

25.     State Defendants admit that there was an order on December 21, 2015 for a bottom bunk. State Defendants deny any and all remaining allegations and leave Plaintiff to his proof thereof.

26.     State Defendants admit that McCaughey denied the December 21, 2015 order on December 29, 2015. State Defendants deny any and all remaining allegations and leave Plaintiff to his proof thereof.

27.     Denied.

28.     Denied.

29.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis the allegations are denied and Plaintiff is left to his proof thereof.

30.     Admitted.

31.     State Defendants admit that a sleep study was conducted on September 2, 2015. To the extent that this paragraph sets forth additional allegations, they are denied and Plaintiff is left to his proof thereof.

32.     State Defendants admit only that Plaintiff told Marianne Warren that he fell on or about June 21, 2016. To the extent that this paragraph sets forth additional allegations, they are denied.

33.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis the allegations are denied and Plaintiff is left to his proof thereof.

34.     Denied as written.

35.     State Defendants admit only that the medical note speaks for itself.  To the extent that this paragraph sets forth additional allegations, they are denied.

36.     State Defendants admit only that the June 21, 2016 medical note speaks for itself.  To the extent that this paragraph sets forth additional allegations, they are denied.

37.     Denied.

38.     State Defendants admit only that the June 28, 2016 medical note speaks for itself.  To the extent that this paragraph sets forth additional allegations, they are denied.

39.     Denied.

40.     Denied.

41.     State Defendants admit only that a sleep study was conducted on the evening of September 1, 2016 through the morning of September 2, 2016.  To the extent that this paragraph sets forth additional allegations, they are denied.

42.     The September 8, 2016 note speaks for itself and no responsive pleading is required thereto.  If deemed required, the allegations are denied and Plaintiff is left to his proof thereof.

43.     Dr. Salas' written note speaks for itself and no responsive pleading is required thereto.  If deemed required, the allegations are denied and Plaintiff is left to his proof thereof.

44.     Denied.

45.     State Defendants are without knowledge or information of a September 21, 2016 approval and on that basis, the allegation is denied and Plaintiff is left to his proof thereof. To the extent that this paragraph sets forth additional allegations, they are denied.

46.     State Defendants admit only that there was a June 28, 2016 order for a bottom bunk and it was due to expire September 28, 2016.  Defendants also incorporate their answer to Paragraph 45.

47.     Denied as written and footnote 1 is denied.

48.     Denied.

49.     Denied.

50.     The 1:51 a.m. Nursing Contact Note dated November 11, 2016 speaks for itself and no responsive pleading is required thereto.  If deemed required, the allegations are denied and Plaintiff is left to his proof thereof.

51.     Denied as written.

52.     State Defendants admit only that Plaintiff was transported to the Rhode Island Hospital Emergency Department.  Any and all remaining allegations are denied and Plaintiff is left to his proof thereof.

53.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and on that basis the allegations are denied and Plaintiff is left to his proof thereof.

5

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. The November 11, 2016 Nursing Contact Note speaks for itself and no responsive pleading is required thereto. If deemed required, the allegations are denied and Plaintiff is left to his proof thereof.

59. Denied.

60. Denied.

61. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and on that basis the allegations are denied and Plaintiff is left to his proof thereof.

62. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and on that basis the allegations are denied and Plaintiff is left to his proof thereof.

63. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and on that basis the allegations are denied and Plaintiff is left to his proof thereof.

64. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and on that basis the allegations are denied and Plaintiff is left to his proof thereof.

65. Admitted.

66. State Defendants admit that Plaintiff was prescribed Vicodin and Ibuprofen. Defendants deny that Plaintiff was ordered to ice his ankle for 20 minutes every hour. Footnote 2 is denied. Any and all remaining allegations are denied and Plaintiff is left to his proof thereof.

67. Admitted only that the statement in this paragraph was stated in the R.I. Hospital Discharge Instructions. Any and all remaining allegations are denied and Plaintiff is left to his proof thereof.

68. Admitted.

69. Denied and the November 11, 2016 order speaks for itself.

70. Denied.

71. Admit only that the approval speaks for itself. To the extent that this paragraph sets forth additional allegations, they are denied and Plaintiff is left to his proof thereof.

72. Admit only that the approval speaks for itself. To the extent that this paragraph sets forth additional allegations, they are denied and Plaintiff is left to his proof thereof.

73. Admit only that Plaintiff was provided a CPAP machine on November 19, 2016. To the extent that this paragraph sets forth additional allegations, they are denied and Plaintiff is left to his proof thereof.

74. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and on that basis the allegations are denied and Plaintiff is left to his proof thereof. Footnote 3 is denied.

75. Denied.

### *Director of the DOC*

76. The allegations as to the statutes seek legal conclusions, they speak for themselves, and no responsive pleading is required thereto. If deemed required, the allegations are denied and Plaintiff is left to his proof thereof.

77. The allegations as to the statutes seek legal conclusions, they speak for themselves, and no responsive pleading is required thereto. If deemed required, the allegations are denied and Plaintiff is left to his proof thereof.

78. The allegations as to the statutes seek legal conclusions, they speak for themselves, and no responsive pleading is required thereto. If deemed required, the allegations are denied and Plaintiff is left to his proof thereof.

79. The allegations as to the statutes seek legal conclusions, they speak for themselves, and no responsive pleading is required thereto. If deemed required, the allegations are denied and Plaintiff is left to his proof thereof.

### *Official Policy and Conduct of Defendant Wall*

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

*Harm and Damages*

87. Denied.

88. Denied.

89. Denied.

90. Denied.

## VI.    CLAIMS FOR RELIEF

91. State Defendants incorporate by reference their responses to Paragraphs 1 - 90 of Plaintiff's Complaint as if fully stated therein.

### COUNT ONE
### Violation of the ADA under 42 U.S.C. § 12132

92. Denied.

### COUNT TWO
### Violation of the RICRA under R.I. Gen. Laws § 42-112-1, *et seq*.

93. Denied.

### COUNT THREE
### Violation of the Rehabilitation Act under 29 U.S.C. § 794

94. Denied.

### COUNT FOUR
### Violation of the RICRPD under R.I. Gen. Laws § 42-87-1, *et seq*.

95. Denied.

### COUNT FIVE
### Violation of the Right of Freedom from Cruel and Unusual Punishment under 42 U.S.C. § 1983

96. Denied.

### COUNT SIX
### Violation of the Right of Freedom from Cruel and Unusual Punishment under Article 1, § 8 of the Rhode Island Constitution

97.     Denied.

### COUNT SEVEN
### Negligence

98.     Denied.

### VII.    PRAYERS FOR RELIEF

**WHEREFORE**, State Defendants pray that the Complaint in this civil action be dismissed; that they be awarded reasonable attorney's fees and costs incurred in the defense hereof; and such other relief as is lawful and proper.

### VIII.   DEMAND FOR JURY TRIAL

State Defendants hereby demand a trial by jury on all counts so triable.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint fails to allege facts sufficient to show that Plaintiff is entitled to recover any damages as against State Defendants.

#### Second Affirmative Defense

State Defendants have the benefit of the State's status as sovereign, together with all privileges and immunities that inure to said sovereign status.

#### Third Affirmative Defense

State Defendants have the benefit of all expressed and implied exceptions to the waiver of sovereign immunity.

#### Fourth Affirmative Defense

State Defendants claim the benefit of Eleventh Amendment immunity to the extent applicable to this civil action.

### Fifth Affirmative Defense

To the extent State Defendants are not immune and are held liable for damages, which liability is expressly denied, the monetary limitations on damages set forth in State law should apply to the State and State officials.

### Sixth Affirmative Defense

At all times material to the matters alleged in the Complaint, the State, its officers, agents and employees, were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff if, in fact, any duties were owed.

### Seventh Affirmative Defense

State Defendants acted reasonably and in good faith and did not violate any clearly established law and, therefore, plead qualified immunity.

### Eighth Affirmative Defense

State Defendants at all times acted reasonably, within the scope of their employment, in an authorized manner, and each in their official capacity.

### Ninth Affirmative Defense

The acts or omissions of State Defendants were not a conscious disregard of Plaintiff's needs or rights; were not intentional and willful; and were not in violation of Federal or State law.

### Tenth Affirmative Defense

The acts or omissions of State Defendants do not constitute actual fraud, willful misconduct, or actual malice in violation of Federal or State law.

### Eleventh Affirmative Defense

State Defendants assert any and all applicable defenses relating to assumption of the risk.

### Twelfth Affirmative Defense

State Defendants assert that Plaintiff caused and/or contributed to the alleged injuries or damages complained of, and therefore, State Defendants plead the doctrine of comparative and/or contributory negligence.

### Thirteenth Affirmative Defense

Plaintiff is not entitled to monetary damages as against State Defendants under Federal or State law.

### Fourteenth Affirmative Defense

Plaintiff is not entitled to punitive damages as against State Defendants under Federal or State law.

### Fifteenth Affirmative Defense

Plaintiff is not entitled to attorney's fees, interest, or costs under Federal or State law.

**WHEREFORE**, State Defendants pray that the Complaint in this civil action be dismissed; that they be awarded reasonable attorney's fees and costs incurred in the defense hereof; and such other relief as is lawful and proper.

**STATE DEFENDANTS HEREBY DEMAND A TRAIL BY JURY
ON ALL COUNTS AND CLAIMS SO TRIABLE**

Respectfully submitted:
ASHBEL T. WALL, in his individual and official capacity as Director of the R.I. Department of Corrections; STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS; KERRI McCAUGHEY, individually and in her official capacity as Deputy Warden of the Rhode Island Department of Corrections

By Their Attorney

PETER F. KILMARTIN
ATTORNEY GENERAL

*/s/ Susan E. Urso*
_____
Susan E. Urso, #4688
Thomas A. Palombo, #4212
Assistant Attorneys General
150 South Main Street
Providence, RI  02903-2907
Tel:  (401) 274-4400
Fax:  (401) 222-2995
surso@riag.ri.gov
tpalombo@riag.ri.gov

## CERTIFICATION

I hereby certify that I filed and served all counsel of record the within Answer through the ECF filing system on this 31st day of January, 2018 and that it is available for viewing and downloading.

Shannah Kurland, Esq.

*/s/ Susan E. Urso*
_____