# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **STEPHAN MELISE,** : | |
|     **Plaintiff** : | |
| : | |
| **v.** : | **C.A. No.: 1:17-cv-00490-JJM-PAS** |
| : | |
| **ASHBEL T. WALL, et al.** : | |
|     **Defendants** : | |

**PLAINTIFF STEPHAN MELISE'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS**

### I.   Introduction

Pursuant to Rules 26 and 34 of the Rules of Civil Procedure, Plaintiff requests that **Defendant State of Rhode Island, Department of Corrections** produce the following documents and things for inspection and copying at the office of **SINAPI LAW ASSOCIATES, LTD,** 2374 Post Road, Suite 201, Warwick, Rhode Island 02886, on or before thirty (30) days following service of the within Request for Production.

*Special Instructions*

Plaintiff invites Defendant to redact social security numbers, drivers' license numbers, financial account numbers, and credit card numbers, from produced documents.

*Preservation of Records*

The service of these discovery requests shall serve as notice of the relevance of all records and documents referred to herein, and of all records and documents that may lead to the discovery of such documents. The Defendant is reminded of its duty to preserve all of such records and documents and to refrain from altering, destroying or disposing of them. In particular, with respect to information collected or recorded in electronic form, the Defendant is reminded that it should (a) refrain from recycling computer tapes, disks, drives, or other media devices used for "back-up" purposes to the extent that such media relate to the periods stated in the various requests herein; (b) refrain from any activity that would alter or damage data on any computer systems, including deleting, de-fragmenting or compressing such data, (c) refrain from disposing of any electronic media; (d) refrain from saving new data to electronic media that already contains data described in this requests; (e) refrain from installing new software or files on any media or machine that contains data described in these discovery requests.

## II. Definitions

For the purpose of this Request for Production of Documents and responses thereto, the following definitions shall apply:

A.  "Document" is to be construed in its broadest sense under Rules of Civil Procedure 33, 34 and 45, including without limitation, all pictures, photographs, videotapes, drafts, maps, diagrams, sketches, tape recordings, statements (whether signed or unsigned), interviews, reports, correspondence, notices, letters, emails, text messages, invoices, bills, memoranda, orders, directives, regulations, summaries, transcripts, books, manuals, brochures, or drafts, copies or other preliminary material that are different in any way from the executed or final document, and any paper or other writing, data, or information whatsoever, whether stored in tangible, electronic, mechanical or digital form or representation of any kind (including (i) materials on or in computer tapes, disks, hard drives, and/or memory and (ii) backup copies and "deleted" files on a computer or computer storage device or media) whether located on-site or off-site.

B.  "Relating to," "relating thereto," "regarding" or "concerning" means containing, embodying, referring to, or in any way pertaining or relating to the substance of the particular matter being inquired of.

C.  "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, or office, or any other form of legal entity.

D.  "You" and "your" or "Defendant" shall mean the plural as well as the singular and is defined as meaning the individual or entity that is the subject of this request, or any person or entity acting under such individual's or entity's direction or control or on its behalf.

E.  "Communication," unless otherwise modified, means verbal, graphic, digital and electronic communication and communication by document.

## III. Instructions

A.  For any requested document or thing as to which any claim of privilege is made or as to which any claim of protection from discovery is made, 1) identify the privilege or Rule upon which you rely, and 2) set forth the facts upon which such claim is based in sufficient detail to enable Plaintiff to form a judgment as to the basis and validity of the claimed privilege and to allow the matter to be brought before the Court.  In addition, each privileged document should be fully identified in writing, except that the substance thereof need not be described to the extent it is claimed to be privileged.  To "identify" a document, as provided herein, means to provide a description sufficient to identify that document for purposes of a subpoena *duces tecum* and to also provide:

   1)   the date on which the document was prepared;
   2)   the author or authors of the document;
   3)   the addressees of the document, if any;
   4)   the title of the document, if any; and

      5)      the substance thereof to the extent not privileged.

B. If, in responding to these Requests, an objection is made on the grounds of vagueness/ambiguity or you encounter purported vagueness/ambiguities when construing a request or definition, please set forth in your response the matter deemed vague/ambiguous, why you believe it is vague/ambiguous, and the construction or interpretation used in responding to the Request.

C. If you respond to a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to respond.

D. If you cannot respond in full to any of these requests, to the fullest extent possible specify the reason(s) for your inability to respond in full.

E. If you are withholding any responsive materials on the basis of an objection, please state that responsive materials are being withheld and identify, as defined in subsection A above, the responsive materials being withheld.

F. To the extent any of the below requests asks for electronic documents, including email communications, electronic diaries, and other electronic documents, please provide the same in the electronic native format including metadata.

## IV.    Documents Requested

1. The daily blotter, dispensary log book, and any other medical or security log book for the Medium Security Facility and Intake Service Center for November 10, 2016 and November 11, 2016 that reference the Plaintiff, the Plaintiff's medical treatment, or the Plaintiff's code white incident.

2. All documentation that would identify the correctional staff and medical staff on duty at the Medium Security Facility and Intake Service Center on November 10, 2016 and November 11, 2016.

3. All documentation that would identify the correctional staff who transported and/or travelled with the Plaintiff to Rhode Island Hospital on November 11, 2016.

4. Video footage taken of the Plaintiff by one of the correctional officers that went with Plaintiff to Rhode Island Hospital on November 11, 2016.

5. Employment records for the Plaintiff showing the dates and duties of any jobs performed by the Plaintiff, including but not limited to his employment as a Porter.

6. The list of the number of individuals with bottom bunk orders from October 5, 2015 to November 11, 2016.

7. All documentation demonstrating when an order and/or request for a bottom bunk created a climate issue.

8. All approved, denied or altered orders and/or requests for bottom bunk accommodations between October 5, 2015 and November 11, 2016.

9. Documentation from meetings between correctional staff and medical staff wherein medical staff expressed disagreement with the requirement that all inmates with bottom bunk orders be on the first tier.

        Plaintiff,
        By his attorney,

**Date: July 29, 2019**

/s/ **Chloe Davis**
**Chloe Davis, Esq**. Bar No. 9334
Sinapi Law Associates, Ltd
2374 Post Road, Suite 201
Warwick, RI 02886
Phone: (352) 215-3704
Email cad@sinapilaw.com

## **CERTIFICATION**

| | |
|---|---|
| Jeffrey G. Latham, Esquire | Justin J. Sullivan, Esquire |
| Christine Stowell, Esquire | Lauren E. Hill, Esquire |
| Tate & Lantham, LLC | Special Assistant Attorneys General |
| 40 Westminster Street, Suite 350 | 150 South Main Street |
| Providence, RI 02903 | Providence, RI 02903 |
| Tel: (401) 421-7400 | Tel: (401) 274-4400 |
| Fax: (401) 351-3239 | Fax: (401) 222-3016 |
| jlatham@tatelawri.com | jjsullivan@riag.ri.gov |
| cstowell@tatelawri.com | lhill@riag.ri.gov |

    I hereby certify that I caused a true copy of the within document to be delivered electronically and by regular mail upon the above-named attorneys of record on this **29th** day of **July, 2019.**

/s/ **Chloe Davis**