# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

STEPHEN MELISE,
*Plaintiff*

v.

ASHBEL T. WALL; ET AL.,
*Defendants*

C.A. No. 1:17-cv-00490-JJM-PAS

JURY TRIAL DEMANDED

## RIDOC'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COME Defendants the State of Rhode Island, Department of Corrections ("RIDOC"); Ashbel T. Wall, individually and in his official capacity[1] as Director of RIDOC ("A.T. Wall"); and Kerri McCaughey, individually and in her official capacity as Deputy Warden of RIDOC ("McCaughey") (collectively, "RIDOC Defendants") and hereby responds to Plaintiff's Stephen Melise's ("Plaintiff") Second Request for Production of Documents as follows:

### GENERAL OBJECTIONS:

1.  Each response is made subject to all objections as to competence, relevance, materiality, propriety, and admissibility, as well as any and all other objections and grounds which would require the exclusion of evidence at trial. The State reserves the right to make any and all such objections at trial and in any proceeding related to this action.

2.  The State reserves the right to object to the admissibility at trial of any document produced in response hereto that has been provided over objection, unless all objections have been resolved with an opportunity for the State to provide further Responses during the pre-trial discovery period.

3.  The State objects to these Requests to the extent that they seek (a) documents outside of its possession, custody, and control; or (b) documents in the public domain or in the possession of third parties and equally available to counsel for the requesting party.

---

[1] Defendant A.T. Wall retired from RIDOC in January 2018. Pursuant to Fed. R. Civ. P. 25(d), Patricia Coyne-Fague, in her official capacity as Director of the Rhode Island Department of Corrections, is automatically substituted in place of Director Wall in his official capacity.

4. The State objects generally to any Request that seeks material which is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. The State objects generally to any Request that is vague, overbroad, unduly burdensome, irrelevant, or not reasonably calculated to lead to the discovery of admissible evidence on the limited issues raised in this lawsuit, and further objects to any aspect of the Requests that operate to broaden the scope of the pleadings, either directly or by implication.

6. The State objects to any discovery request that seeks material subject to any privilege or protection, including without limitation the attorney-client privilege, the attorney work-product doctrine, or other applicable privilege, including but not limited to communications between and documents exchanged by the State and its counsel, information learned or developed by counsel or expert consultants through investigation in connection with litigation/arbitration, or information or documents reflecting the impressions, conclusions, opinions, and legal research or other theories of the State's counsel and consultants employed to prepare for litigation/arbitration.

7. These Objections are stated in this general form in the interests of clarity and brevity of the individual responses that follow, but are specifically incorporated into each response below, as if the entire text had been set forth at length at each individual location.

8. Where the State decides to provide information in spite of an objection, it does so without prejudice or waiver, as a matter of a simple decision not to litigate the particular point in question, in order to avoid unnecessary controversy on points where the State, in its sole discretion, deems that such controversy is not in its interests. Any such disclosure does not constitute any affirmative use of the information in question for the State's purpose in the litigation.

9. The following Responses to specific requests for production are made subject to and without waiving these General Objections. The State's agreement to produce documents to the extent such documents are within the State's possession, custody or control shall not constitute a representation that such documents actually exist or ever existed.

10. The State objects to this Request to the extent it sets forth requirements or requests documents beyond what is provided for by the Federal Rules of Civil Procedure.

## RESPONSE TO SECOND REQUEST FOR PRODUCTION

**REQUEST NO. 1:** The daily blotter, dispensary log book, and any other medical or security log book for the Medium Security Facility and Intake Service Center for November 10, 2016 and November 11, 2016 that reference the Plaintiff, the Plaintiff's medical treatment, or the Plaintiff's code white incident.

**RESPONSE NO. 1:** Objection, as release of documents would disclose the identity of third-party inmate(s), not a party to this case. Further objection, as this request is vague, over broad, unduly burdensome, and not proportional to the needs of this case. Without waiving any objections, please see responsive documents, with inmate names and identifying information redacted, included herein as Response No. 1.

**REQUEST NO. 2:** All documentation that would identify the correctional staff and medical staff on duty at the Medium Security Facility and Intake Service Center on November 10, 2016 and November 11, 2016.

**RESPONSE NO. 2:** Objection, as this request is vague, over broad, unduly burdensome, and not proportional to the needs of this case. Without waiving any objections, please see responsive documents, included herein as Response No. 2.

**REQUEST NO. 3:** All documentation that would identify the correctional staff who transported and/or travelled with the Plaintiff to Rhode Island Hospital on November 11, 2016.

**RESPONSE NO. 3:** Objection, as this request is vague, over broad, unduly burdensome, and not proportional to the needs of this case. Without waiving any objections, please see Response No. 2.

**REQUEST NO. 4:** Video footage taken of the Plaintiff by one of the correctional officers that went with Plaintiff to Rhode Island Hospital on November 11, 2016.

**RESPONSE NO. 4:** Objection, as this request is vague, over broad, unduly burdensome, and not proportional to the needs of this case. Without waiving any objections, none; the requested "Video footage taken of the Plaintiff by one of the correctional officers that went with Plaintiff to Rhode Island Hospital on November 11, 2016" is not within the custody or control of RIDOC.

**REQUEST NO. 5:** Employment records for the Plaintiff showing the dates and duties of any jobs performed by the Plaintiff, including but not limited to his employment as a Porter.

**RESPONSE NO. 5:** Objection, as this request is vague, over broad, unduly burdensome, and not proportional to the needs of this case. Without waiving any objections, please see responsive documents, included herein as Response No. 5.

3

**REQUEST NO. 6:** The list of the number of individuals with bottom bunk orders from October 5, 2015 to November 11, 2016.

**RESPONSE NO. 6:** Objection, as release of documents would disclose the identity of third-party inmate(s), not a party to this case. Further objection, as this request is vague, over broad, unduly burdensome, and not proportional to the needs of this case. Additional objection, as this request seeks information that is not relevant to the allegations and claims in this civil action. Further objection, as this request seeks protected health information of third-party inmate(s), not a party to this case, prohibited from disclosure under Rhode Island privacy laws and the Health Insurance Portability and Accountability Act (HIPAA).

**REQUEST NO. 7:** All documentation demonstrating when an order and/or request for a bottom bunk created a climate issue.

**RESPONSE NO. 7:** Objection, as release of documents would disclose the identity of third-party inmate(s), not a party to this case. Further objection, as this request is vague, over broad, unduly burdensome, and not proportional to the needs of this case. Additional objection, as this request seeks information that is not relevant to the allegations and claims in this civil action. Additional objection, as this request seeks the disclosure of documents that may compromise the institutional safety and security of the facility. Additional objection, as this request is not limited in time or scope.

**REQUEST NO. 8:** All approved, denied or altered orders and/or requests for bottom bunk accommodations between October 5, 2015 and November 11, 2016.

**RESPONSE NO. 8:** Objection, as release of documents would disclose the identity of third-party inmate(s), not a party to this case. Further objection, as this request is vague, over broad, unduly burdensome, and not proportional to the needs of this case. Additional objection, as this request seeks information that is not relevant to the allegations and claims in this civil action. Additional objection, as this request seeks the disclosure of documents that may compromise the institutional safety and security of the facility. Further objection, as this request seeks protected health information of third-party inmate(s), not a party to this case, prohibited from disclosure under Rhode Island privacy laws and the Health Insurance Portability and Accountability Act (HIPAA).

**REQUEST NO. 9:** Documentation from meetings between correctional staff and medical staff wherein medical staff expressed disagreement with the requirement that all inmates with bottom bunk orders be on the first tier.

**REQUEST NO. 9:** Objection, as this request is vague, over broad, unduly burdensome, and not proportional to the needs of this case. Additional objection, as this request seeks information that is not relevant to the allegations and claims in this civil action. Without waiving any objections, please see responsive documents, included herein as Response No. 9.

WHEREFORE, RIDOC Defendants reserve the right to supplement and/or amend any of the foregoing responses in accordance with the Federal Rules of Civil Procedure.

Respectfully Submitted,

RIDOC DEFENDANTS,
By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Justin J. Sullivan*
Justin J. Sullivan (#9770)
Lauren E. Hill (#9830)
Special Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
150 South Main St. Providence, RI 02903
Tel: (401) 274-4400 | Fax: (401) 222-2995
Ext. 2007 | jjsullivan@riag.ri.gov
Ext. 2038 | lhill@riag.ri.gov

## CERTIFICATE OF SERVICE

I hereby certify that on Friday, November 15, 2019, I mailed a true copy of the within along with all responsive documents to the following:

*Counsel for Plaintiff*
Chloe A. Davis, Esq.
cad@sinapilaw.com

*Counsel for Defendants Fred Vohr and Jennifer Clarke*
Jeffrey G. Latham, Esq.
jlatham@tatelawri.com

*/s/ Justin J. Sullivan*

5