# Exhibit E

| | |
|---|---|
| **From:** | Chloe Davis |
| **To:** | Justin J. Sullivan; Christine Stowell; Jeff Latham; Lauren Hill |
| **Cc:** | Colleen Cole; Anthony Sinapi |
| **Subject:** | RE: Melise v. RIDOC (1:17-cv-00490-MSM-PAS) |
| **Date:** | Thursday, February 06, 2020 12:09:00 PM |
| **Attachments:** | image001.png |
| **Importance:** | High |

Justin,

Thank you for producing these records.  However, I have several issues that need to be resolved promptly.

1. Response # 11: The bottom bunk order lists are not dated.  Can you please provide responses that identify exactly which list goes with each email using Bates numbers?
2. Response #2:
    a. Doc #s 29-31 do not indicate either the type of log or the facility; normally when these are produced, the cover page is included to indicate what the record is.  Please resend the responsive documents with the cover pages.
            i.   These records only cover the 3-11pm shift on 11/10/16; but we need the 11pm-7am shift on 11/11/16 because that is when Mr. Melise fell from the top bunk.  Please provide the requested documents.
    b. Doc# 40 has no record of Mr. Melise leaving the facility; there is one redaction at 12:45, if that is Melise, then it should not be redacted.  Please either provide the document without redactions or explain that the redactions are not related to Mr. Melise and provide an explanation of whether any documents exist that evidence Mr. Melise leaving the DOC's facilities.
    c. There are no daily blotter records for the intake facility provided, which were requested.  Please provide these records.
    d. The incident report provided in initial disclosures states that a code white was called, so there should be an Emergency Code Report or Code Response Form associated with this incident, which has never been provided.  Please either provide that document or explain why it does not exist.
2. Response #9:
    a. We strenuously object to each instance where the "Inmates to be discussed" section is redacted in full.  As discussed with Judge McElroy, the only information that should be redacted is personal identifying information, i.e. names and inmate numbers.  The discussion of medical issues should not be redacted, particularly where there are any discussions of legitimate security issues, medical orders and/or bottom bunk issues.  We insist that the redactions in these documents be removed.

Pursuant to our discussion on Jan. 29th, you represented that you would provide me with an explanation of the investigation conducted to identify the officers involved in responding to Mr. Melise's incident, transporting him to the hospital, and whether any of them took a video of Mr.

Melise.  I think it would be most proper if this explanation is provided in the form of an affidavit from an employee of the DOC.

Please produce the above described outstanding documents and explanations by February 13, 2020.  If we do not receive the documents requested by the close of business on the 13th, we will file a motion to hold the DOC in contempt with our Reply that is due on February 14th.

**Chloe A. Davis** | *Associate*
**SINAPI LAW ASSOCIATES, LTD.**
2374 Post Road, Suite 201
Warwick, RI 02886
Phone: (401) 739-9690
FAX:    (401) 739-9040
Email:  cad@sinapilaw.com

====================================================================
This reply email message is confidential and/or privileged.  It is to be used by the intended recipient only.  Use of the information contained in this email by anyone other than the intended recipient is strictly prohibited.   If you are not the named recipient, or have otherwise received this communication in error, please immediately delete it from your inbox, notify the sender, and do not disclose its contents to any other person, use its content for any purpose, or store or copy it in any medium. Thank you for your cooperation.
============================================================

**From:** Justin J. Sullivan <JJSullivan@riag.ri.gov>
**Sent:** Wednesday, February 05, 2020 8:23 PM
**To:** Chloe Davis <cad@sinapilaw.com>; Christine Stowell <cstowell@tatelawri.com>; Jeff Latham <jlatham@tatelawri.com>; Lauren Hill <LHill@riag.ri.gov>
**Cc:** Colleen Cole <CCole@riag.ri.gov>
**Subject:** Melise v. RIDOC (1:17-cv-00490-MSM-PAS)


Counsel:

In accordance with the January 30, 2020 Consent Text Order in the above-referenced civil action, attached please find the State's Supplemental Responses to Plaintiff's Discovery Requests. Please feel free to contact me should you have any questions concerning the attached documents.

Thank you.

**Justin J. Sullivan**
**Special Assistant Attorney General**
The State of Rhode Island | Office of the Attorney General
150 South Main Street Providence, RI - 02903



Office: +1 401 274 4400 | Ext: 2007
jjsullivan@riag.ri.gov | www.riag.ri.gov

**Confidentiality Notice:** The information contained in this message and any attachments is intended only for the use of the individual or entity to which it is addressed, and may contain information that is PRIVILEGED, CONFIDENTIAL, and exempt from disclosure under applicable law. If you have received this message in error, you are prohibited from copying, distributing, or using the information. Please contact the sender immediately by return e-mail and delete the original message from your system.



State of Rhode Island and Providence Plantations

**OFFICE OF THE ATTORNEY GENERAL**
150 South Main Street • Providence, RI  02903
(401) 274-4400

*Peter F. Neronha*
*Attorney General*

**VIA EMAIL**

February 13, 2020

Chloe Davis, Esq.
Sinapi Law Associates, Ltd.
2374 Post Rd., #201
Warwick, RI 02886

   *RE:  Melise v. Department of Corrections, 1:17-cv-00490-MSM-PAS*

Dear Attorney Davis:

   My office received your email correspondence, dated February 6, 2020, concerning supplemental discovery responses served by RIDOC on February 5, 2020. As I stated to you during our telephone conversation on January 29, 2020, according to the Medium Security Duty Roster for November 10, 2016 10:52 PM – 7:00 AM shift, which was produced to you in discovery, there were four (4) utility officers assigned on duty who could have transported the Plaintiff: Ventura, Campman, Fayne, and Perez.

   Your email also notes that the "bottom bunk order lists" are not dated. The corresponding bates numbers and dates for each list is as follows:

>       March 3, 2015 – RIDOCSUPP000002 - RIDOCSUPP000004
>       March 6, 2015 - RIDOCSUPP000005 - RIDOCSUPP000007
>       December 17, 2015 - RIDOCSUPP000008 - RIDOCSUPP000020
>       June 8, 2017 - RIDOCSUPP000021 - RIDOCSUPP000024

   You also claim that "There are no daily blotter records for the intake facility provided, which were requested. Please provide these records." RIDOC produced copies of the Intake daily blotter to you in November, 2019. *See* RIDOC's Response to Plaintiff's Second Request for Production, Response No. 1.

   Lastly, RIDOC acknowledges that you "strenuously object" to the redactions contained in Response No. 9. The redactions in Response No. 9 contain confidential healthcare information of

other third-party inmates not a party to this litigation, which is prohibited from disclosure under Rhode Island law as well as the Health Insurance Portability and Accountability Act (HIPPA), as well as security information that is not relevant to the allegations contained in the Amended Complaint.

Very truly yours,

Justin J. Sullivan
Special Assistant Attorney General
Ext. 2007 | jjsullivan@riag.ri.gov

JJS/ccole
cc: Ian Anderson, Esq. (*via email*); Christine Stowell, Esq. (*via email*); Jeff Latham (*via email*)