STEPHEN MELISE,
    *Plaintiff*

v.

PATRICIA COYNE-FAGUE, in her official capacity as Director of the **DEPARTMENT OF CORRECTIONS**; **et al.**,
    *Defendants*

C.A. No. 1:17-cv-00490-MSM-PAS

**JURY TRIAL DEMANDED**

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendants the State of Rhode Island, Department of Corrections ("RIDOC"); Ashbel T. Wall, individually and in his official capacity[1] as Director of RIDOC ("A.T. Wall"); and Kerri McCaughey, individually and in her official capacity as Deputy Warden of RIDOC ("McCaughey") (collectively, "RIDOC Defendants" or the "State") hereby submit this Memorandum of Law in Opposition to Plaintiff's Motion to Compel (ECF 64).

## ARGUMENT

**I. THE DOCUMENTS PRODUCED TO PLAINTIFF IN REDACTED FORM CONTAIN PROTECTED HEALTHCARE INFORMATION AND PERSONALLY IDENTIFIABLE INFORMATION, WHICH RIDOC IS PROHIBITED FROM DISCLOSING WITHOUT SIGNED WRITTEN CONSENT OR BY ORDER OF THE COURT, PURSUANT TO HIPAA AND R.I. GEN. LAWS §§ 5-37.3-1, *ET SEQ*.**

RIDOC Defendants further adopt and incorporate the arguments presented in RIDOC's

---

[1] Defendant A.T. Wall retired from RIDOC in January 2018. Pursuant to Fed. R. Civ. P. 25(d), Patricia Coyne-Fague, in her official capacity as Director of the Rhode Island Department of Corrections, is automatically substituted in place of Director Wall in his official capacity.

Motion for a Protective Order, as if fully set forth herein.

**II.     THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR RULE 11 SANCTIONS BECAUSE RIDOC ACTED IN GOOD FAITH IN REDACTING THE TRIAGE MEETING MINUTES**

Plaintiff's request that this Court should impose monetary sanctions on RIDOC is simply inappropriate. Plaintiff appears to conflate RIDOC Defendants' defense of this civil and duty to protect confidential health information of non-parties, with sanctionable misconduct. RIDOC produced the Triage Meeting Minutes, with protected healthcare information redacted, to Plaintiff's counsel and sought a protective order after Plaintiff's counsel demanded the redactions be removed. Defending a discovery dispute that implicates the privacy rights of third-party inmates does not amount to sanctionable misconduct.

The objective of Rule 11 is to "deter dilatory and abusive tactics in litigation and to streamline the litigation process by lessening frivolous claims or defenses." *Cruz v. Savage*, 896 F.2d 626, 630 (1st Cir. 1990); *see also* Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendment). RIDOC's substantive disagreement with Plaintiff's position concerning the complex and intricate provisions of HIPAA and RICHI, does not amount to "dilatory and abusive tactics in litigation[.]" *Cruz*, 896 F.2d at 630. A motion made under the guise of Rule 11 is not an appropriate means of relitigating what this Court has already decided. Ironically, to the contrary, Rule 11 sanctions have been imposed where one party has improperly sought to relitigate issues already determined. *See Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) ("[Plaintiff's] efforts to relitigate the prior case similarly support a finding of harassment."); *see also Vallejo v. Amgen, Inc.*, 903 F.3d 733, 748 (8th Cir. 2018) (upholding imposition of sanctions where plaintiff "filed successive motions to relitigate issues previously denied by the court.").

RIDOC has acted in good faith and carefully balanced competing duties—the duty to comply with the discovery requirements of Fed. R. Civ. P. 26 and the duty to protect against unauthorized disclosures of confidential healthcare information under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the Rhode Island Confidentiality of Health Care Communications and Information Act, R.I. Gen. Laws § 5-37.3-1, *et seq.* ("RICHI"). RIDOC, as a healthcare provider and custodian of healthcare information, RIDOC is prohibited from disclosing confidential healthcare information unless ordered by a court after a formal challenge. See R.I. Gen. Laws § 5-37.3-6.1(a). Notably, RICHI expressly forbids RIDOC and other healthcare providers from agreeing to waive this or any requirement under RICHI. *See* R.I. Gen. Laws § 5-37.3-10 ("Any agreement purporting to waive the provisions of this chapter is declared to be against public policy and void."). Thus, careful consideration of the significant privacy issues at stake, the parallel requirements of HIPAA and RICHI, and the relevancy issues implicated by Plaintiff's request, RIDOC requested that this matter be resolved on the record through a motion for a protective order, pursuant to Fed. R. Civ. P. 26(c).

In sum, Plaintiff has not identified misconduct sufficient to warrant sanctions. Accordingly, Defendant respectfully requests that Plaintiff's Motion for Rule 11 Sanctions be denied

**WHEREFORE**, RIDOC respectfully requests that this Honorable Court deny Plaintiff's Motion in its entirety.

Respectfully Submitted,

RIDOC DEFENDANTS,
By:

PETER F. NERONHA
ATTORNEY GENERAL

 */s/ Justin J. Sullivan*
Justin J. Sullivan (#9770)
Lauren E. Hill (#9830)
Special Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
150 South Main St. Providence, RI 02903
Tel: (401) 274-4400 | Fax: (401) 222-2995
Ext. 2007 | jjsullivan@riag.ri.gov
Ext. 2038 | lhill@riag.ri.gov

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the within document has been electronically filed with the Court through the ECF system on Friday, May 29, 2020 and that it is available for viewing and downloading. I also caused a true and accurate copy of the within document to be served through the ECF system on the following:

*Counsel for Plaintiff*
Chloe A. Davis, Esq.
chloe.a.davis@gmail.com

*Counsel for Defendants Fred Vohr and Jennifer Clarke*
Jeffrey G. Latham, Esq.
jlatham@tatelawri.com
Alexandra C. Curran, Esq.
acurran@tatelawri.com

 */s/Justin J. Sullivan*