## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEPHEN MELISE,                      : | |
|       Plaintiff              : | |
|                              : | |
| v.                                   : | C.A. No.: 1:17-cv-00490-MSM-PAS |
|                              : | |
| COYNE-FAGUE, et al.                  : | |
|       Defendants            : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS OBJECTION TO STATE DEFENDANTS' MOTION FOR A STAY AND IN SUPPORT OF HIS MOTION FOR SANCTIONS**

Defendants' Motion for a Stay (ECF No. 72) should be denied because it is based on frivolous legal arguments, attempts to relitigate an issue that is not only entirely clear based on caselaw but has already been decided by this Court, and is yet another baseless attempt to avoid compliance with discovery obligations. There is quite simply no merit to Defendants motion and this Court should not only deny it but should impose sanctions based on Defendants continued willful refusal to litigate and respond to discovery requests in good faith.

    I.    **ARGUMENT**

Defendants seek a Stay of this Court's April 15th text order granting Plaintiff's motion to compel and rejecting exactly the same frivolous arguments Defendants press in the Motion for a Protective Order, which they are now arguing justifies their Motion for a Stay. As explained at length in Plaintiff's Memorandum in Support of His Motion to Compel and Request For Sanctions (ECF No. 64.1) and Plaintiff's Reply to Defendants' Objection to Plaintiff's Motion to Compel and for Sanctions and Objection to Defendants' Motion for a Protective Order (ECF No. 67), "[i]t is a routine matter in litigation for courts to require production ... of records that reflect medical treatment of non-parties, sometimes with the identities of the patients redacted" and doing so "is fully consistent with the privacy provisions of HIPAA." *Caines v. Addiction*

*Research & Treatment Corp.*, No. 06Civ.3399, 2007 WL 895140, at *1 (S.D.N.Y. Mar. 20, 2007). Defendants are simply once again pressing arguments that even slipshod legal research make clear are not viable and should not even be given a serious hearing by this Court. *Id*. ("HIPAA does not condition production on the discovering litigant's inability to identify the patient whose records are to be released."). Indeed, had Defendants bothered to read the cases cited by Plaintiff in his numerous memoranda on this issue, they would not be proceeding on an argument that has already been considered and rejected by the federal courts. *See Roth v. Sunrise Senior Living Mgmt., Inc*., No. 2:11-CV-4567, 2012 WL 748401, at *3 (E.D. Pa. Mar. 8, 2012) ("Granting a motion to compel the medical records of a resident at an assisted living facility in a case filed by another resident of the same facility."). Indeed, personally identifiable information is defined and does not include treatment or condition information, rather

> [a]ccording to the HHS regulations regarding HIPAA, the following identifiers must be removed to render medical records not 'individually identifiable': names; geographic subdivisions smaller than a state (including addresses and full zip codes); all dates except years; telephone and fax numbers; email addresses; social security numbers; medical record numbers; health plan beneficiary numbers; account numbers; license numbers; vehicle identifiers; device identifiers; internet addresses; biometric identifiers such as finger and voice prints; photographs of the individual's full face; and any other unique identifying number, characteristic, or code.

*McCracken v. Verisma Sys., Inc*., No. 6:14-CV-06248(MAT), 2017 WL 4250054, at *3 (W.D.N.Y. Sept. 26, 2017) (citing 45 C.F.R. § 164.514(b)(2)(I)). "Records without this data are not considered to be individually identifiable, and therefore are not protected health information." *Id*. (citing *Nat'l Abortion Fed'n v. Ashcroft*, No. 03 CIV. 8695(RCC), 2004 WL 555701, at *3 (S.D.N.Y. Mar. 19, 2004) (citing 45 C.F.R. § 164.514(a))).

Further, even if Defendants argument had not already been ruled on and dismissed by numerous courts and did not ignore clear regulatory pronouncements that forecloses it, the argument would still not hold water.  First, Defendants provide no evidence to support their conjecture that the medical information may be used to identify individuals and offer only vague hypotheticals, which neither this Court nor Plaintiff can evaluate because they are simply too vague.  Second, Plaintiff has never had any objection to an attorney's-eyes-only agreement related to these records, which Plaintiff has referenced in numerous filings, yet Defendants persist in involving this court in frivolous refusals to engage in discovery disclosure.  Third, this Court has already resolved this issue in its text order of April 15, and Defendants are simply trying to get a second bite at the apple and this Motion for a Stay should be rejected on those grounds alone.

Finally, this Court should impose sanctions on Defendants for filing this Motion for a Stay and continuing to waste the time and resources of this Court and Plaintiff with baseless and frivolous arguments and obstructing discovery.  It should be emphasized, that in Plaintiff's pending motion to compel and request for sanctions, Plaintiff observed that Defendants actions in pressing frivolous claims were intended to avoid complying with this Court's April 15th Text Order and sought to relitigate issues already addressed by this Court.  ***Here, Defendants have expressly proven Plaintiff to be correct in that observation as they are now explicitly seeking to stay that order.***  Such tactics are clearly "dilatory and abusive" and should be deterred by this Court pursuant to Rule 11 or else they will most certainly be repeated by Defendants.  *Cruz v. Savage*, 896 F.2d 626, 630 (1st Cir. 1990).  Plaintiff is cognizant that the courts do not enjoy engaging in unnecessary discovery disputes when there are numerous pending meritorious claims that need to be addressed.  Plaintiff also dislikes having to repeatedly come before this

Court to resolve meritless and petty discovery disputes. That is why Plaintiff is asking this Court, in order to prevent such abusive tactics and the persistent and time-consuming need to seek this Court's intervention, to reiterate that Defendants must follow well established discovery rules rather than constantly making baseless objections and sanction Defendants for repeatedly engaging in such bad-faith tactics.

For these reasons, Plaintiff requests that this Court order Defendant RIDOC to pay Plaintiff's counsel fees for the time required to respond to this frivolous Motion for a Stay.

## II. CONCLUSION

### I. Conclusion

WHEREFORE, Plaintiff moves that this Court issue grant the following relief:

1. Deny Defendants' Motion for a Stay and order Defendants to procedure the materials subject to this Courts April 15 text order immediately.
2. That, under the circumstances, Defendants be ordered to pay the counsel fees and costs of responding to their Motion for a Stay as a sanction for Defendants' willful and intentional refusal to comply with discovery requests and requiring Plaintiff to respond to numerous frivolous arguments;
3. Such other and further relief as this Court deems just and proper.

Plaintiff,
By his attorney,

**Dated: July 28, 2020**   /s/ **Chloe A. Davis**_____
**Chloe A. Davis, Esq**. Bar No. 9334
Sinapi Law Associates, Ltd.
2374 Post Road, Suite 201
Warwick, RI 02886
Phone: (401) 739-9690
Email cad@sinapilaw.com

## CERTIFICATION

| | |
|---|---|
| Jeffrey G. Latham, Esquire | Justin J. Sullivan, Esquire |
| Christine A. Stowell, Esquire | Lauren E. Hill, Esquire |
| Tate & Latham | Department of the Attorney General |
| 40 Westminster Street, Suite 350 | 150 South Main Street |
| Providence, RI 02903 | Providence, RI 02903 |
| (401) 421-7400 | 401-274-4400 |
| jlatham@tatelawri.com | jjsullivan@riag.ri.gov |
| cstowell@tatelawri.com | lhill@riag.gov |

I hereby certify that on **July 28, 2020**, a true copy of the within was filed electronically via the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and the filing is available for viewing and downloading from the Court's CM/ECF System. Service on the counsel of record listed above has been effectuated by electronic means.

/s/ **Chloe A. Davis**_____