# **EXHIBIT A**

**RIDOC DEFENDANTS' PROPOSED OBJECTION NUNC PRO TUNC TO PLAINTIFF'S MOTION TO COMPEL**

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEPHEN MELISE,<br>    *Plaintiff*<br><br>v.<br><br>PATRICIA COYNE-FAGUE, in her official capacity as Director of the Rhode Island Department of Corrections; *ET AL.*,<br>    *Defendants* | C.A. No. 1:17-cv-00490-MSM-PAS |

### RIDOC DEFENDANTS' OBJECTION NUNC PRO TUNC TO PLAINTIFF'S MOTION TO COMPEL

**NOW COME** Defendants the State of Rhode Island, Department of Corrections ("RIDOC"); Ashbel T. Wall, individually and in his official capacity as former-Director of RIDOC ("A.T. Wall");[1] and Kerri McCaughey, individually and in her official capacity as Deputy Warden of RIDOC ("McCaughey") (collectively, "RIDOC Defendants") and hereby object to Plaintiff Stephen Melise's Motion to Compel (ECF 83).

RIDOC Defendants seek leave to file *nunc pro tunc* an objection to Plaintiff's Motion to Compel (ECF 83), as: (1) the Court granted RIDOC Defendants additional time to respond to Plaintiff's Motion to Compel; (2) RIDOC responded to all of Plaintiff's discovery requests and produced responsive documents; (3) RIDOC credited the extension of time and RIDOC's discovery responses as mooting Plaintiff's Motion to Compel; and, (4) the outstanding discovery directed to Defendant A.T. Wall in his individual capacity is the subject of a forthcoming Motion

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Patricia Coyne-Fague, in her official capacity as Director of the Rhode Island Department of Corrections, is automatically substituted in place of former-Director Ashbel T. Wall in his official capacity, as Defendant A.T. Wall retired from RIDOC in January 2018.

2

for Protective Order, based upon Defendant's Wall's physical condition.

**I.     Plaintiff's Motion to Compel is moot with respect to Defendant RIDOC because all outstanding responses have been served**

As of the filing of Plaintiff's Motion to Adjudge in Contempt (ECF 85) on March 16, 2022, Defendant RIDOC had already provided responses to all of Plaintiff's outstanding discovery requests that were the subject of Plaintiff's Motion to Compel (ECF 83). With respect to RIDOC, Plaintiff's Motion to Compel (ECF 83) sought RIDOC's then-outstanding responses to the following discovery requests: Plaintiff's Amended Third Request for Production; Plaintiff's Fourth Request for Production; Plaintiff's Fifth Request for Production; and, Plaintiff's Second Set of Interrogatories. After Plaintiff filed his Motion to Compel (ECF 83), RIDOC Defendants filed a Motion for Enlargement of Time (ECF 84, January 20, 2022), requesting an additional ten (10) days to respond to Plaintiff's Motion to Compel. On January 21, 2022, this Court granted RIDOC Defendants' request and enlarged the time to respond to Plaintiff's Motion to Compel to January 31, 2022. *See* Text Order dated Jan. 21, 2022.

Thereafter, on January 31, 2022, RIDOC provided the following discovery responses, including responsive documents, to Plaintiff: RIDOC's Responses to Plaintiff's Amended Third Request for Production of Documents; RIDOC's Responses to Plaintiff's Fourth Request for Production of Documents; and, RIDOC's Responses to Plaintiff's Fifth Request for Production of Documents. *See Exhibit A-1:* January 31, 2022 email. Following RIDOC's responses to Plaintiff's requests for production, RIDOC also made a good faith effort to supplement additional documents in connection with its discovery responses. *See id.* After serving the discovery, RIDOC Defendants held a conference call with counsel for Plaintiff and Co-Defendants on or about February 2, 2022, to discuss supplementing additional discovery responses under Fed. R. Civ. P. 26(e), and to address RIDOC's Answers to Plaintiff's Second Set of Interrogatories, which at that time had not yet been

served. During the conference call, Plaintiff's Counsel was informed that RIDOC's legal department was operating at a significantly reduced capacity because of staffing shortages, and one of its two remaining attorneys had been out sick, leaving only one attorney for the entire agency.[2] As such, RIDOC Defendants advised Plaintiff's counsel that additional time was needed to finalize RIDOC's Answers to Plaintiff's Second Set of Interrogatories.[3] RIDOC Defendants served the supplemental discovery responses and responsive documents the following day, February 3, 2022, which included RIDOC's Supplemental Responses to Plaintiff's Fourth Request for Production and RIDOC's Supplemental Responses to Plaintiff's Fifth Request for Production. ***Exhibit A-*2**: February 3, 2022 email. In the interim, on February 11, 2022, the Court entered a Text Order granting Plaintiff's Motion to Compel (ECF 83); inadvertently this Honorable Court had not been advised that discovery had been produced and the parties had engaged in good faith discussions to resolve the other disputes. RIDOC Defendants served Answers to Plaintiff's Second Set of Interrogatories on February 24, 2022. *Exhibit A-3*: February 24, 2022 email.

      RIDOC fully responded to Plaintiff's discovery requests, rendering Plaintiff's Motion to Compel (ECF 83) moot with respect to RIDOC. Despite receiving the documents and discovery responses from RIDOC, Plaintiff nonetheless filed a Motion to Adjudge in Contempt on March 16, 2022, seeking sanctions weeks after RIDOC had already complied with Plaintiff's discovery requests. Plaintiff's Motion to Compel (ECF 83) should be denied as moot, with respect to RIDOC.

---

[2] RIDOC is budgeted to operate with four (4) full-time attorneys.

[3] During this time, RIDOC Defendants' Counsel was preparing for a trial before this Honorable Court in *Silva v. State of Rhode Island, et al.*, C.A. No. 1:19-cv-00429-MSM-LDA, scheduled to empanel a jury and start trial on March 21, 2022.

## II. RIDOC Defendants intend to seek a protective order with respect to Plaintiff's discovery requests directed to A.T. Wall in his individual capacity

Because RIDOC Defendants fully responded to Plaintiff's discovery requests, the only discovery responses that remain at issue with respect to Plaintiff's Motion to Compel (ECF 83), involve A.T. Wall in his individual capacity, a response that has proven to be significantly challenged by this defendant's condition. Plaintiff's Motion to Compel with respect to discovery responses from Defendant A.T. Wall, in his individual capacity, should be denied without prejudice. RIDOC Defendants will be seeking a Protective Order with respect to Plaintiff's Request for Production and Interrogatories directed to Former-Director A.T. Wall, in his individual capacity. Defendant Wall is unable to respond to the discovery. In support of the protective order, RIDOC will provide an affidavit from Defendant Wall's treating physician.

## CONCLUSION

**WHEREFORE**, RIDOC Defendants respectfully request this Honorable Court deny Plaintiff's Motion to Compel (ECF 83).

        Respectfully Submitted,

        RIDOC Defendants,
        By:

        PETER F. NERONHA
        ATTORNEY GENERAL

        */s/ Justin J. Sullivan*

        Justin J. Sullivan, Esq. (#9770)
        Special Assistant Attorneys General
        OFFICE OF THE ATTORNEY GENERAL
        150 South Main St. Providence, RI 02903
        Tel: (401) 274-4400 | Ext. 2007
        Fax (401) 222-2995
        jjsullivan@riag.ri.gov

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that the within document has been electronically filed with the Court through the ECF system on Wednesday, March 30, 2022 and that it is available for viewing and downloading. I also caused a true and accurate copy of the within document to be served through the ECF system on the following parties and/or counsel of record:

| *Counsel for Plaintiff* | *Counsel for Defendants Fred Vohr and Jennifer Clarke* |
|---|---|
| Chloe A. Davis, Esq. | Jeffrey G. Latham, Esq. |
| cad@sinapilaw.com | Christine A. Stowell, Esq. |
| | jlatham@tatelawri.com |
| | cstowell@tatelawri.com |

        */s/ Justin J. Sullivan*

6