# EXHIBIT I

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**STEPHEN MELISE,**
      **Plaintiff**

      **v.**
                                  **No.:  17-cv-00490-JJM-PAS**

**ASHBEL T. WALL, alias, individually and**
**in his official capacity as Director of the**
**Rhode Island Department of Corrections,**
**FRED VOHR, alias, individually and in his**
**official capacity as Medical Director of the**
**Rhode Island Department of Corrections,**
**JENNIFER CLARKE, alias, individually**
**and in her official capacity as Medical Director**
**of the Rhode Island Department of Corrections,**
**KERRI MCCAUGHEY, alias, individually and**
**in her official capacity as a registered employee of**
**the Rhode Island Department of Corrections,**
**STATE OF RHODE ISLAND, DEPARTMENT OF**
**CORRECTIONS, alias, and JOHN DOES 1 -**
**THROUGH 10, alias,**
                     **Defendants**

## STATE'S RESPONSE TO PLAINTIFF'S FIRST SET OF ADMISSIONS

    1.  A DOC Deputy Warden cannot deny a medical order in its entirety.

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, denied.

    2.  A DOC Warden cannot deny a medical order in its entirety.

RESPONSE:  Objection as to the term "medical order."  Further objection, as this Request is outside the scope of discovery, as there are no allegations that a DOC Warden was involved in reviewing a medical order.

    3.  A DOC Deputy Warden cannot unilaterally modify a medical order.

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, denied.

    4.  A DOC Warden cannot unilaterally modify a medical order.

RESPONSE:  Objection as to the term "medical order."  Further objection, as this Request is outside the scope of discovery, as there are no allegations that a DOC Warden was involved in modifying a medical order.

5.   A DOC Deputy Warden is not a medical practitioner.

RESPONSE:  Admit, to the extent that a DOC Deputy Warden is not required to be a medical practitioner.

6.   A DOC Warden is not a medical practitioner.

RESPONSE:  Objection. This Request is outside the scope of discovery, as there are no allegations that a DOC Warden was directly involved in the allegations as set forth in the Complaint.  Without waiving said objections, State Defendant admits that a DOC Warden is not required to be a medical practitioner.

7.   A DOC Deputy Warden may not decide or determine medical treatment for an inmate.

RESPONSE:  Objection. This Request is vague and ambiguous.  The term "medical treatment" is not defined.  Without waiving said Objections, State Defendant admits that a Deputy Warden does not decide or determine medical treatment for an inmate, but may be involved in "medical treatment" decisions if institutional safety or security could be affected.

8.   A DOC Warden may not decide or determine medical treatment for an inmate.

RESPONSE:  Objection. This Request is outside the scope of discovery, as there are no allegations that a DOC Warden was directly involved in deciding or determining medical treatment of an inmate.  Further objection, as this Request is vague and ambiguous and because the term "medical treatment" is not defined.

9.   Defendant McCaughey is not a doctor.

RESPONSE:  Admit.

10. Defendant McCaughey is not a nurse.

RESPONSE:  Admit.

11. Defendant McCaughey is not a nurse practitioner.

RESPONSE:  Admit.

12. Defendant McCaughey is not a medical provider of any kind.

RESPONSE:  Objection. This Request is vague and ambiguous.  The term "medical provider" is not defined.  Without waiving said Objections, State Defendant admits that Deputy Warden McCaughey has been trained in First Aid and in CPR.

13. Whether an inmate sleeps on a top or bottom bunk is not a security matter.

RESPONSE:  Denied.

14. Whether an inmate sleeps on a top or bottom bunk does not impact security.

RESPONSE: Denied.

15. An inmate's medical order is not followed unless it is approved by security staff.

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, denied.

16. When an inmate's medical order is neither approved nor denied, it is not implemented and has the same practical effect as a denial.

RESPONSE: Objection, as to the term "medical order." further objection, as this Request is vague and/or ambiguous. The phrase "... medical order is neither approved nor denied..." does not identify who is approving or denying. Without waiving said Objections, denied.

### *Denied Orders*

**February 9, 2015**

17. Defendant McCaughey neither approved nor denied Plaintiff's medical order dated **February 9, 2015**.

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, admit, as Deputy Warden McCaughey sent the order back requesting more information.

18. Plaintiff's medical order dated **February 9, 2015** was for him to have a bottom bunk until **June 12, 2015**.

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, admit.

**June 9, 2015**

19. On **June 19, 2015**, Defendant McCaughey denied Plaintiff's medical order dated **June 9, 2015**.

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, admit.

20. Plaintiff's medical order dated **June 9, 2015** was for him to have a bottom bunk until **December 12, 2015**.

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, admit.

21. Defendant McCaughey had no security reason for denying Plaintiff's medical order dated **June 9, 2015**.

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, denied.

**November 12, 2015**

3

22. Defendant McCaughey neither approved nor denied Plaintiff's medical order dated **November 12, 2015**.

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, this Request cannot be admitted or denied, as Deputy Warden McCaughey does not recall if she saw an order dated November 12, 2015, because she did not write on an order with that date and has no independent recollection of reviewing an order.

23. Plaintiff's medical order dated **November 12, 2015** was for him to have a bottom bunk until **December 21, 2015**.

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, denied.

**November 20, 2015**

24. Defendant McCaughey neither approved nor denied Plaintiff's medical order dated **November 20, 2015**.

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, this Request cannot be admitted or denied, as Deputy Warden McCaughey does not recall if she saw an order dated November 20, 2015, because she did not write on an order with that date and has no independent recollection of reviewing an order.

25. Plaintiff's medical order dated **November 20, 2015** was for him to have a bottom bunk until **December 12, 2016**.

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, denied.

**December 21, 2015**

26. On **December 29, 2015**, Defendant McCaughey denied Plaintiff's medical order dated **December 21, 2015**.

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, admit.

27. Plaintiff's medical order dated **December 21, 2015** was for him to have a bottom bunk until **December 12, 2016**.

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, admit.

28. Defendant McCaughey had no security reason for denying Plaintiff's medical order dated **December 21, 2015**.

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, denied.

4

**June 21, 2016**

29. Defendant McCaughey neither approved nor denied Plaintiff's medical order dated **June 21, 2016**.

RESPONSE:  Objection, as to the term "medical order." Without waiving said objection, admitted, as Deputy Warden McCaughey sent the order back inquiring as to why there wasn't an incident report.

30. Plaintiff's medical order dated **June 21, 2016** was for him to have a bottom bunk until **December 12, 2016**.

RESPONSE:  Objection, as to the term "medical order." Without waiving said objection, denied.

31. Plaintiff's medical order dated **June 21, 2016** provided two reasons for its basis:
   a.   "neck pain"
   b.   "falls"

RESPONSE:  Objection, as to the term "medical order." Without waiving said objection, admit that the June 21, 2016 order states a reason of "neck pain" on 11/12/14 and a reason of "falls" on 6/21/2016.

**June 28, 2016**

32. Defendant McCaughey neither approved nor denied Plaintiff's medical order dated **June 28, 2016**.

RESPONSE:  Objection, as to the term "medical order." Without waiving said objection, this Request cannot be admitted or denied, as Deputy Warden McCaughey does not recall if she saw the order, because she did not write on it and has no independent recollection of reviewing the order.

33. Plaintiff's medical order dated **June 28, 2016** was for him to have a bottom bunk until **June 21, 2017**.

RESPONSE:  Objection, as to the term "medical order." Without waiving said objection, denied.

34. Plaintiff's medical order dated **June 28, 2016** provided three reasons for its basis:
   a.   "neck pain"
   b.   "falls"
   c.   "falls, ?apnea"

RESPONSE:  Objection, as to the term "medical order." Without waiving said objection, admit that the June 28, 2016 order states a reason of "neck pain" on 11/12/14, a reason of "falls" on 6/21/2016, and a reason of "falls, ?apnea" on 6/28/2016.

**September 8, 2016**

35. Defendant McCaughey neither approved nor denied Plaintiff's medical order dated

September 8, 2016.

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, this Request cannot be admitted or denied, as Deputy Warden McCaughey does not recall if she saw an order dated September 8, 2016, because she did not write on an order with that date and has no independent recollection of reviewing the order.

36. Plaintiff's medical order dated **September 8, 2016** was for him to have a bottom bunk until **June 21, 2017**.

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, denied.

37. Plaintiff's medical order dated **September 8, 2016** provided three reasons for its basis:
   a.  "neck pain"
   b.  "falls"
   c.  "falls, ?apnea"

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, denied.

*Falls*

**November 29, 2015**

38. On **November 29, 2015**, Plaintiff fell from the top bunk and was injured.


RESPONSE:  Admit only that on November 30, 2015, Plaintiff reported that he was on the top bunk and fell to the floor.

39. If Defendant McCaughey had granted Plaintiff's medical order dated **November 12, 2015**, he would have been on the bottom bunk on **November 29, 2015**.

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, cannot admit or deny because response calls for speculation.

40. If Defendant McCaughey had granted Plaintiff's medical order dated **November 20, 2015**, he would have been on the bottom bunk on **November 29, 2015**.

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, cannot admit or deny because response calls for speculation.

41. If Defendant McCaughey had granted Plaintiff's medical order dated **June 9, 2015**, he would have been on the bottom bunk on **November 29, 2015**.

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, cannot admit or deny because response calls for speculation.

**June 20, 2016**

42. On **June 20, 2016**, Plaintiff fell from the top bunk and was injured.

RESPONSE:  Admit only that Plaintiff reported that he fell off the top bunk.

43. If Defendant McCaughey had granted Plaintiff's medical order dated **November 20, 2015,** he would have been on the bottom bunk on **June 20, 2016.**

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, cannot admit or deny because response calls for speculation.

44. If Defendant McCaughey had granted Plaintiff's medical order dated **December 21, 2015,** he would have been on the bottom bunk on **June 20, 2016.**

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, cannot admit or deny because response calls for speculation.

**November 10, 2016 and/or November 11, 2016**

45. On **November 10, 2016**, Plaintiff fell from the top bunk and fractured his right fibula.

RESPONSE:  Admit only that on November 10 or 11, 2016 Plaintiff stated he fell and admit that he fractured his right fibula.

46. On **November 11, 2016**, Plaintiff fell from the top bunk and fractured his right fibula.

RESPONSE:  Admit only that on November 10 or 11, 2016 Plaintiff stated he fell and admit that he fractured his right fibula.

47. If Defendant McCaughey had granted Plaintiff's medical order dated **November 20, 2015,** he would have been on the bottom bunk on **November 10, 2016.**

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, cannot admit or deny because response calls for speculation.

48. If Defendant McCaughey had granted Plaintiff's medical order dated **November 20, 2015,** he would have been on the bottom bunk on **November 11, 2016.**

RESPONSE:  Objection, as to the term "medical order."  Without waiving said objection, cannot admit or deny because response calls for speculation.

49. If Defendant McCaughey had granted Plaintiff's medical order dated **December 21, 2015,** he would have been on the bottom bunk on **November 10, 2016.**

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, cannot admit or deny because response calls for speculation.

**50.** If Defendant McCaughey had granted Plaintiff's medical order dated **December 21, 2015**, he would have been on the bottom bunk on **November 11, 2016**

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, cannot admit or deny because response calls for speculation.

51. If Defendant McCaughey had granted Plaintiff's medical order dated **June 21, 2016**, he would have been on the bottom bunk on **November 10, 2016**.

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, cannot admit or deny because response calls for speculation.

52. If Defendant McCaughey had granted Plaintiff's medical order dated **June 21, 2016**, he would have been on the bottom bunk on **November 11, 2016**.

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, cannot admit or deny because response calls for speculation.

53. If Defendant McCaughey had granted Plaintiff's medical order dated **June 28, 2016**, he would have been on the bottom bunk on **November 10, 2016**.

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, cannot admit or deny because response calls for speculation.

54. If Defendant McCaughey had granted Plaintiff's medical order dated **June 28, 2016**, he would have been on the bottom bunk on **November 11, 2016**.

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, cannot admit or deny because response calls for speculation.

55. If Defendant McCaughey had granted Plaintiff's medical order dated **September 8, 2016**, he would have been on the bottom bunk on **November 10, 2016**.

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, cannot admit or deny because response calls for speculation.

56. If Defendant McCaughey had granted Plaintiff's medical order dated **September 8, 2016**, he would have been on the bottom bunk on **November 11, 2016**.

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, cannot admit or deny because response calls for speculation.

57. If Defendant McCaughey had granted Plaintiff's medical order dated **December 29, 2015,** he would have been on the bottom bunk on **November 10, 2016.**

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, cannot admit or deny because response calls for speculation.

58. If Defendant McCaughey had granted Plaintiff's medical order dated **December 29, 2015,** he would have been on the bottom bunk on **November 11, 2016.**

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, cannot admit or deny because response calls for speculation.

### *Modified Orders*

59. Defendant McCaughey unilaterally modified Plaintiff's medical order dated **November 11, 2016.**

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, admit that Deputy McCaughey approved the order and wrote that when broken ankle healed, bottom bunk order expires.

60. Defendant McCaughey modified Plaintiff's medical order dated **November 11, 2016.**

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, admit that Deputy McCaughey approved the order and wrote that when broken ankle healed, bottom bunk order expires.

61. Defendant McCaughey had no security reason for modifying Plaintiff's medical order dated **November 11, 2016.**

RESPONSE: Objection, as to the term "medical order." Without waiving said objection, denied.

Respectfully submitted:
ASHBEL T. WALL, in his individual and
official capacity as Director of the R.I.
Department of Corrections; STATE OF
RHODE ISLAND, DEPARTMENT OF
CORRECTIONS; KERRI McCAUGHEY,
individually and in her official capacity as
Deputy Warden of the Rhode Island
Department of Corrections

By Their Attorney

PETER F. KILMARTIN
ATTORNEY GENERAL

Susan E. Urso, #4688
Thomas A. Palombo, #4212
Assistant Attorneys General
150 South Main Street
Providence, RI  02903-2907
Tel:  (401) 274-4400
Fax:  (401) 222-2995
surso@riag.ri.gov
tpalombo@riag.ri.gov

## CERTIFICATION

I hereby certify that I mailed a true copy of the within along with a CD containing all
responsive documents to opposing counsel on the 5th day of October, 2018.

Chloe Davis, Esq.
Jeffrey G. Latham, Esq.
Alexandra C. Curran, Esq.