## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

**STEPHEN MELISE,**
  *Plaintiff*

v.

**PATRICIA COYNE-FAGUE,** in her official
capacity as Director of the Rhode Island Department
of Corrections; *ET AL.,*
  *Defendants*

C.A. No. 1:17-cv-00490-MSM-PAS

## AFFIDAVIT OF PAULINE M. MARCUSSEN, DHA, RHIA, CCHP

I, Pauline M. Marcussen, in my official capacity as the Administrator of Healthcare Services at the Rhode Island Department of Corrections ("RIDOC"), being duly sworn upon oath, do hereby depose and state as follows:

1. I am a Registered Health Information Administrator and a Certified Correctional Health Professional. I am actively credentialed.

2. I am currently employed as the Administrator of Healthcare Services for RIDOC. Prior to my current position, I served as the Interdepartmental Project Manager for Medical Records and Medical Claims for RIDOC.

3. In my current position, I am familiar with the Electronic Medical Records system ("EMR"), as well as Policy 18.22 DOC, titled "Inmates and Visitors with Special Needs" and the procedure established between RIDOC security and medical personnel to process inmates' special needs accommodations requests at the Adult Correctional Institutions, John J. Moran Medium Security Facility ("Medium Security"). My knowledge of the Electronic Medical Records system and Policy 18.22 includes the years 2014-2017.

1

4. In 2014 through 2017, an inmate's request for reasonable accommodation may be initiated in either of two ways: (1) by the inmate personally submitting a special needs accommodation request form to a staff official; or (2) by a prescription order from a RIDOC medical provider.

5. If a RIDOC medical provider prescribes a special needs accommodation on behalf of an inmate, the treating provider must enter a prescription order into the inmate's medical record within RIDOC's EMR. *Exhibits 1–12* attached hereto are prescription orders entered into the EMR.

6. To ensure compliance with the Health Information Portability and Accessibility Act, 45 C.F.R. § 162, *et seq.*, ("HIPAA") and the Rhode Island Confidentiality of Health Care Communications and Information Act, R.I. Gen. Laws § 5-37.3-3 ("RICHI"), RIDOC security personnel, as well as prison administrative/operational staff, do not have access to the EMR.

7. Because RIDOC security personnel cannot view a prescription order entered into the EMR, and do not have access to the EMR, a RIDOC medical provider must print an "administrative note" containing the prescription order to serve as the special needs accommodation request.

8. When an administrative note is printed, it will contain any special needs prescription orders entered in the EMR for that inmate that are not expired (*i.e.*, the stop date has not yet lapsed) or manually removed from the EMR by a RIDOC medical provider. Expired special needs prescription orders are automatically removed.

9. Once a RIDOC Medical provider prints special needs accommodation request, *i.e.*, the administrative note, the provider must then physically deliver the paper copy to a mailbox for the Facility ADA Coordinator to review. *Exhibits 13–20* attached hereto, are printed "administrative notes" submitted as special needs accommodation requests.

10. The Facility ADA Coordinator, generally a deputy warden, will then review the printed special needs accommodation requests, *i.e.*, the administrative notes, within a reasonable time and

either grant, modify, ask for more information, or deny the request by indicating so on the paper copy and sending it to the inmate and/or back to the medical provider.

11. Unless printed, the prescription orders, *Exhibits 1–12*, would not be accessible or known to prison administrative or operational staff but rather would only be accessed through the EMR. If a prescription order is printed, it is designated as an "Administrative Note" and can be physically forwarded to prison administrative or operational staff. The "Administrative Notes" are attached to this affidavit as *Exhibits 13–20*. Because prison operational or administrative staff do not have access to the EMR, non-health care staff must be made aware of the prescription order through the printing of an "Administrative Note."

12. All the facts and opinions stated herein are true and correct to the best my knowledge and belief.

Signed under the pains and penalties of perjury this 16th day of September, 2022.

Pauline M. Marcussen, DHA, RHIA, CCHP
Administrator of Healthcare Services
Rhode Island Department of Corrections

Subscribed and sworn to before me on this _16th_ day of September 2022, in the

**STATE OF NORTH CAROLINA,**
**WAKE COUNTY**

TERRY L CHISHOLM
Notary Public
North Carolina
Wake County

Notary Public
Print Name: Terry L Chisholm
Notary ID#:
My Commission Expires: May 17, 2027