# EXHIBIT J

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

**STEPHEN MELISE**,
    *Plaintiff*

v.

                                  C.A. No.: 1:17-cv-00490-JJM-PAS

**ASHBEL T. WALL**; **ET AL.**,
    *Defendants*                        **JURY TRIAL DEMANDED**

### RIDOC DEFENDANTS' ANSWERS TO PLAINTIFF'S INTERROGATORIES

NOW COMES Defendants the State of Rhode Island, Department of Corrections ("RIDOC"); Ashbel T. Wall, individually and in his official capacity as Director of RIDOC ("A.T. Wall"); and Kerri McCaughey, individually and in her official capacity as Deputy Warden of RIDOC ("McCaughey") (collectively, "RIDOC Defendants") and responds to the Interrogatories propounded by Plaintiff Stephen Melise ("Plaintiff" or "Melise") as follows:

### GENERAL OBJECTIONS

Defendant objects to Plaintiff's "I. Introduction," "II. Definitions" and "III. Instructions" to the extent that these sections require responses beyond the scope of or in addition to what is provided for in the Federal Rules of Civil Procedure.

### INTERROGATORIES

**INTERROGATORY NO. 1:**     State the name, address, and employer of the individual responding to these interrogatories, and describe your relationship to **Defendant State Of Rhode Island, Department Of Corrections, alias** ("**Defendant**"), and identify each and every person assisting in the preparation of the answer to each interrogatory and state whether you have made inquiries of your employees, agents and/or service providers to respond fully and accurately to each interrogatory and whether you have examined relevant documents and records within your possession and/or subject to your control, in order to answer these interrogatories fully and accurately.

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous regarding the term "address" and to the extent this Interrogatory calls for the individual's "personal address" it is

1

unduly burdensome and not proportional to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence, as public disclosure and/or disclosure to Plaintiff, a currently incarcerated inmate, of the home addresses of RIDOC employees is compromising to the institutional safety and security. Additional objection, as this Interrogatory is a compound question. Further objection, as this Interrogatory seeks the disclosure of communications protected by attorney-client privilege and deliberative process and seeks privileged attorney work product containing the mental impressions, conclusions, opinion and legal theories of counsel. Without waiving any objections:

Kerri McCaughey, Deputy Warden, 40 Howard Avenue Cranston, RI 02920. I was assisted by counsel in the preparation of these responses and I reviewed DOC policies and documents. I am providing responses to Interrogatories No. 1-7 and 9-22.

Kimberly Kane, Director of Nursing, 40 Howard Avenue Cranston, RI 02920. I was assisted by counsel in the preparation of these responses and I reviewed DOC policies. I am providing responses to Interrogatories No. 1 and 8.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 2:**          Describe in detail the basis, legal and factual, for each affirmative defense asserted in Defendant's Answer to Plaintiff's Amended Complaint.

**RESPONSE:** Objection, as this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case. Further objection, as this Interrogatory seeks information not within RIDOC Defendants' knowledge, as discovery is not substantially complete. Additional objection, as this Interrogatory seeks the disclosure of communications protected by attorney-client privilege and deliberative process and seeks privileged attorney work product containing the mental impressions, conclusions, opinion and legal theories of counsel. Further objection, as many of the Affirmative Defenses are legal in nature and not within the knowledge and information of the answering witness or RIDOC.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 3:**          State whether Defendant, any of its agents or employees, its insurance carrier, its legal representative, or anyone acting on its behalf or with or to its knowledge, ever took or received an oral or written statement from the party propounding these interrogatories or from any person who witnessed any facts involving Plaintiff's claims or has any information regarding the matters referred to in Plaintiff's Amended Complaint, and if so, describe:
   **a)**  the nature of the statement;
   **b)**  the person giving the statement;
   **c)**  the person taking the statement;
   **d)**  the substance of the statement;
   **e)**  the date of the statement;
   **f)**  the form of the statement (oral, written, recorded, etc.); and,

2

**g)** if the statement is other than an oral one, its present custodian.

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous as to the terms "matter referred to in Plaintiff's Amended Complaint" and "any person who witnessed any facts" and "oral or written statement". Further objection, as this Interrogatory is overbroad and unduly burdensome, not proportional to the needs of the case, as it fails to provide any relevant timeframe. Additional objection, as this Interrogatory seeks information not within RIDOC Defendants' knowledge. Without waiving any objections:

To my knowledge RIDOC is not in possession of any oral or written statements taken by RIDOC from Plaintiff or any person who has information concerning the matters alleged in the Amended Complaint. All statements in RIDOC's possession, made by Plaintiff to his medical providers, were produced to Plaintiff's counsel. Please see RIDOC Defendants' Response to Plaintiff's Request for Production of Documents, Response No. 4.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 4:**    Please state whether any of the matters referred to in the Plaintiff's Amended Complaint were investigated by Defendant prior to the initiation of this civil action. If the answer is yes:
   **a)** state who conducted or participated in the investigation;
   **b)** state when the investigation commenced;
   **c)** state the substance of the investigative findings and/or determinations and any action taken as a result thereof;
   **d)** identify all individuals involved, questioned or consulted; and,
   **e)** identify any documents related to, depicting or documenting the same and the current custodian thereof.

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous as to the terms "matter referred to in Plaintiff's Amended Complaint" and "investigated". Further objection, as this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case, as it fails to provide a relevant timeframe. Without waiving any objections:

To my knowledge RIDOC did not investigate the matters referred to in the Plaintiff's Amended Complaint prior to the initiation of this civil action.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 5:**    Please state whether Defendant warned, admonished, criticized, disciplined, counseled or questioned any employee of Defendant relative to the matters referred to in the Plaintiff's Amended Complaint, and if so, identify the employee(s) involved, the reason for each action taken, identify the person who took the action, including job title or other relationship to the Defendant, the date of each action, and a full and complete description of each action; and, identify any documents related to, depicting or documenting the same and the current

3

custodian thereof.

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous as to the terms "matter referred to in Plaintiff's Amended Complaint" and " warned, admonished, criticized, disciplined, counseled or questioned". Further objection, as this Interrogatory is overbroad and unduly burdensome, not proportional to the needs of the case and not reasonably calculated to lead to the discovery of admissible evidence, as it fails to provide any relevant timeframe. Without waiving any objection:

To my knowledge, RIDOC did not warn, admonish, criticize, discipline, counsel or question any employee relative to the matters referred to in the Plaintiff's Amended Complaint.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 6:**      Identify (meaning per the "Definition" section, provide the name, address, email address, and phone number of) each person who Defendant expects to call as an expert witness at the trial of this matter, and with respect to each such expert, state the following:
   **a)** the subject matter on which the expert is expected to testify;
   **b)** the substance of the facts and opinions to which the expert is expected to testify;
   **c)** give a thorough and explicit summary of the grounds for each opinion of the expert;
   **d)** state the educational background of each expert listed, give a brief summary of his or her professional experience and enumerate the professional societies and organizations of which he or she is presently a member; and,
   **e)** sufficiently identify any reports or documents upon which such expert opinion is based so that they may be made the subject matter of a request for production.

**RESPONSE:** Objection, as this Interrogatory seeks the disclosure of communications protected by attorney-client privilege and deliberative process and seeks privileged attorney work product containing the mental impressions, conclusions, opinion and legal theories of counsel, and expert privilege. Further objection to the extent that this Interrogatory seeks information protected from disclosure by the Federal Rules of Civil Procedure. Without waiving any objections:

None at this time and to be identified pursuant to the Rules of Civil procedure and the Court's Pretrial Order.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 7:**      Describe in detail the reason(s) that Plaintiff resided on any tier besides the first tier during his time at the Medium Security Prison and identify the individual(s) responsible and any documents related to, depicting, or documenting the same and the current custodian thereof.

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous as to the terms "first tier".

4

Further objection, as this Interrogatory is overbroad and unduly burdensome, not proportional to the needs of the case, as the referenced timeframe covers a significant number of events over the span of more than five years. Additional objection, as this Interrogatory seeks information not within RIDOC Defendants' knowledge. Without waiving any objections:

Prison security is generally responsible for the assignment of bunks. There are many reasons that an inmate may be assigned a different bunk, including but not limited to: safety and security concerns, inmate reclassification, the availability of beds due to changes in the population of the facility, general facility maintenance and repairs, and requests for special accommodations approved by the deputy warden. RIDOC records reflect when an inmate is assigned a new bunk, and identify the bunk assigned, but do not reflect the specific reasons for each time an inmate is assigned a new bunk.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 8:**      Describe in detail the procedure(s) and practice(s) for DOC medical staff to submit Special Needs/Urgent Orders, Medial Orders, and Reasonable Accommodations Requests for an inmate in order for them to be followed by the correctional staff and identify the individual(s) responsible and any documents related to, depicting, or documenting the same and the current custodian thereof.

**RESPONSE:** Objection, as this Interrogatory seeks for information already in Plaintiff's possession and/or information that is publicly accessible, as is evident in the Amended Complaint, at ¶ 40. Further objection, as this Interrogatory is vague and ambiguous regarding the terms "Special Needs/Urgent Orders, Medial Orders, and Reasonable Accommodations Requests". Without waiving any objection:

Non-emergency medical care is provided in concert with security and control. To ensure the safe and efficient operation of the institution/facility, all reasonable accommodation of special needs requests medically ordered by a medical staff member must be approved first by the deputy warden, who functions as the ADA Coordinator of the facility, before the special accommodation may be implemented. Per RIDOC policy 18.22, if a medical staff member evaluates an inmate and determines that a medically prescribed special accommodation is warranted, the medical staff member submits the "order" on a "Communication of Inmate's Special Needs Form" to the deputy warden of the facility and enters the order in the inmate's medical record. If the deputy warden requests more information or recommends a modification of the special accommodation, the order is sent back to the medical staff member who will review the deputy warden's request or recommendation and respond accordingly. If an order for a medically prescribed special accommodation is denied, the deputy warden will forward a copy of the denial to the inmate and the prescribing medical staff member, which is then recorded in the inmate's medical record.

Please see the State's Supplemental Response to Plaintiff's First Request for Production, at Supplemental Response No. 14.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 9:**      Describe in detail the procedure(s) and practice(s) to be followed by correctional staff in regard to intake and medium security facilities, including a deputy warden, in evaluating and approving, modifying, or denying Special Needs/Urgent Orders, Medial Orders, and Reasonable Accommodations Requests for an inmate submitted by DOC medical staff and identify the individual(s) responsible and any documents related to, depicting, or documenting the same and the current custodian thereof.

**RESPONSE:** Objection, as this Interrogatory seeks for information already in Plaintiff's possession and/or information that is publicly accessible, as is evident in the Amended Complaint, at ¶ 40. Further objection, as this Interrogatory is vague and ambiguous regarding the terms "Special Needs/Urgent Orders, Medial Orders, and Reasonable Accommodations Requests". Without waiving any objection:

Pursuant to RIDOC Policy 18.22, an inmate's request for reasonable accommodation may be initiated by a request by the inmate to or from a medical staff member for a medically prescribed accommodation. The Associate Director of Health Care Services serves as the Department ADA Coordinator, who in 2016 was Joseph Marocco, and at present is Pauline Marcusseen. The deputy warden in each facility is designated as the Facility ADA Coordinator for the purpose of coordinating and monitoring activities and procedures related to special accommodations and access to programs for inmates with disabilities at each correctional facility.

In the event a medical staff member evaluates an inmate and determines that a medically prescribed special accommodation is warranted, the medical staff member sends a written "order" on a "Communication of Inmate's Special Needs Form" to the deputy warden of the facility, who functions as the ADA coordinator of the facility, and enters the order in the inmate's medical record. Orders for medically prescribed special accommodations are reviewed by the deputy warden of the facility to address institutional safety and security concerns. After reviewing the order, the deputy warden may either request more information, recommend a modification, grant the request, or deny the request. Orders are denied if they would materially impair the safe and efficient operation of the program, present a safety hazard to staff or the individual inmate, threaten the security of the correctional institution/facility, or otherwise cause extreme hardship in the operation of the institution/facility. Factors considered in reviewing orders for special accommodations include, but are not limited to: safety, security, available alternatives, costs associated with the request, and or operational issues.

The deputy warden may request more information from the prescribing medical staff member before approving or denying the order or may recommend that the prescribing medical staff member modify the order. If the deputy warden requests more information or recommends a modification of the special accommodation, the deputy warden will make a note in red ink on the order and send it back to the medical staff member, who will review the deputy warden's request or recommendation and responds accordingly. Where an order for a special accommodation is approved, the deputy warden will note the approval in red ink and forward it

to the inmate and distribute copies to security personnel that the deputy warden deems necessary to implement the special accommodation. Inmates are required to keep the approved order outside their cell door in a clear plastic sleeve. Where an order for a medically prescribed special accommodation is denied, the deputy warden will note the denial in red ink and forward it to the inmate and the prescribing medical staff member.

Please see the State's Supplemental Response to Plaintiff's First Request for Production, at Supplemental Response No. 14.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 10:**      Describe in detail the procedure(s) and practice(s) to be followed by correctional staff, including the Deputy Warden, in complying with the requirements of the Americans with Disabilities Act and identify the individual(s) responsible and any documents related to, depicting, or documenting the same and the current custodian thereof.

**RESPONSE:** Objection, as this Interrogatory seeks for information already in Plaintiff's possession and/or information that is publicly accessible, as is evident in the Amended Complaint, at ¶ 40. Without waiving any objection:

Please see Response No. 9.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 11:**      Describe in detail the circumstances under which a deputy warden may deny or modify a Special Needs/Urgent Order, Medial Order, or Reasonable Accommodations Request for an inmate to receive a "bottom bunk" ordered by DOC medical staff and identify the individual(s) responsible and any documents related to, depicting, or documenting the same and the current custodian thereof.

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous regarding the terms "Special Needs/Urgent Orders, Medial Orders, and Reasonable Accommodations Requests". Further objection, as this Interrogatory is overly broad and unduly burdensome and not proportional to the needs of the case. Additional objection, as this Interrogatory calls for speculation and seeks information not within RIDOC Defendants' knowledge. Without waiving any objection:

A deputy warden may deny an order from a medical provider for a special accommodation where the deputy warden determines that such request materially impairs the safe and efficient operation of the program, presents a safety hazard to staff or inmates, threatens the security of the correctional institution/facility, or would otherwise cause extreme hardship in the operation of the institution/facility. The deputy warden may not change, substitute, or modify an order from a medical provider, but may request more information from the medical provider before admitting or denying the medical provider's order for a special accommodation. All

7

publicly available RIDOC policies are available for viewing on RIDOC's website.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 12:**       Describe in detail the security and/or safety concerns that may be implicated by a Special Needs/Urgent Order, Medial Order, and/or Reasonable Accommodations Request for an inmate to receive a "bottom bunk" ordered by DOC medical staff and identify the individual(s) responsible and any documents related to, depicting, or documenting the same and the current custodian thereof.

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous regarding the terms "Special Needs/Urgent Orders, Medial Orders, and Reasonable Accommodations Request" and "ordered". Further objection, as this Interrogatory is overly broad and unduly burdensome and not proportional to the needs of the case. Additional objection, as this Interrogatory calls for speculation and seeks information not within RIDOC Defendants' knowledge. Without waiving any objection:

Security and/or safety concerns implicated by the assignment of bunks include but are not limited to: limited number of bottom bunks; certain mods are designated for certain classifications of inmates; certain inmates cannot be kept in the same cell block or mod together; gang affiliation; and program limitations. Please also see Response No. 9.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 13:**       Describe in detail the procedure(s) and practice(s) for implementing any Special Needs/Urgent Order, Medial Orders, and Reasonable Accommodations Requests for an inmate once it has been approved and identify the individual(s) responsible and any documents related to, depicting, or documenting the same and the current custodian thereof.

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous regarding the terms "approved" and "Special Needs/Urgent Orders, Medial Orders, and Reasonable Accommodations Requests". Without waiving any objections:

Please see Response No. 9.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 14:**       Describe in detail the reason(s) that Plaintiff did not receive the Special Needs/Urgent Order for Plaintiff to receive a "Bottom bunk" ordered on the following dates and identify the individual(s) responsible and any documents related to, depicting, or documenting the same and the current custodian thereof:
**a)** February 9, 2015; and,
**b)** December 21, 2015.

8

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous as to the terms "Special Needs/Urgent Order" and "receive" and "ordered". Further objection, as this Interrogatory calls for speculation and seeks information not within RIDOC Defendants' knowledge. Additional objection, as this Interrogatory assumes facts not in evidence. Without waiving any objections:

To my knowledge, the February 9, 2015 order required more information before it could be approved or denied. I have no knowledge of ever receiving an order on December 21, 2015. In the event a medical staff member evaluates an inmate and determines that a medically prescribed special accommodation is warranted, the medical staff member sends a written "order" on a "Communication of Inmate's Special Needs Form" to the deputy warden of the facility and enters the order in the inmate's medical record. Inmates do not receive a copy of the order unless it is approved or denied by the deputy warden of the facility. Please also see Response No. 9.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 15:**     Describe in detail the reason(s) for Plaintiff's transfers on the following dates and identify the individual(s) responsible and any documents related to, depicting, or documenting the same and the current custodian thereof.
   **a)** October 5, 2015 from MED BMODL 15B to MED BMODL 15T;
   **b)** October 18, 2015 from MED BMODL 15T to MED BMODL 01T;
   **c)** June 6, 2016 from MED BMODL 46T to MED BMODL 19T; and,
   **d)** August 12, 2016 from MED BMODL 19B to MED BMODL 16T.

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous as to the terms "transfers". Further objection, as this Interrogatory seeks information not within RIDOC Defendants' knowledge, as discovery is not substantially complete. Additional objection, as this Interrogatory assumes facts not in evidence. Without waiving any objections:

I have no knowledge of the reasons for Plaintiff's transfers on these dates. Please also see Response No. 7.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 16:**     Describe in detail the reason(s) for Plaintiff being assigned to MED BMODL 01T on or about November 30, 2015 when he reported to Nurse Practitioner Marianne Warren that he fell from the top bunk and was injured and identify the individual(s) responsible and any documents related to, depicting, or documenting the same and the current custodian thereof.

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous as to the terms "assigned" and "reported". Further objection, as this Interrogatory seeks information not within RIDOC

Defendants' knowledge. Additional objection, as this Interrogatory assumes facts not in evidence. Without waiving any objections:

I have no knowledge the reasons Plaintiff was assigned to MED BMODL 01T on or about November 30, 2015. Upon information and belief, Plaintiff did not have an approved special accommodation order for a bottom bunk at that time. Please also see Response No. 7.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 17:**     Describe in detail the reason(s) for Plaintiff being assigned to MED BMODL 19T on or about June 21, 2016 when he reported to Nurse Practitioner Marianne Warren that he fell from the top bunk and was injured and identify the individual(s) responsible and any documents related to, depicting, or documenting the same and the current custodian thereof.

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous as to the terms "assigned" and "reported". Further objection, as this Interrogatory seeks information not within RIDOC Defendants' knowledge. Additional objection, as this Interrogatory assumes facts not in evidence. Without waiving any objections:

I have no knowledge the reasons Plaintiff was assigned to MED BMODL 19T on or about June 21, 2016. Upon information and belief, Plaintiff did not have an approved special accommodation order for a bottom bunk at that time. Please also see Response No. 7.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 18:**     Describe in detail the reason(s) for the lack of approval of the Special Needs/Urgent Order for Plaintiff to receive a "Bottom bunk" ordered on the following dates and identify the individual(s) responsible and any documents related to, depicting, or documenting the same and the current custodian thereof:
  **a)** June 21, 2016;
  **b)** June 28, 2016;
  **c)** September 8, 2016; and,
  **d)** September 21, 2016.

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous as to the terms "lack of approval" and "Special Needs/Urgent Order". Further objection, as this Interrogatory seeks information not within RIDOC Defendants' knowledge. Additional objection, as this Interrogatory assumes facts not in evidence. Without waiving any objections:

I have no knowledge of ever receiving Special Needs/Urgent Order for Plaintiff on June 21, 2016; June 28, 2016; September 8, 2016; or September 21, 2016. Please also see Response No. 7.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 19:** Describe in detail the reason(s) for the lack of approval of the Special Needs/Urgent Order for Plaintiff to receive a "Bottom bunk" ordered by Doctor Christopher Salas, MD on June 28, 2016 until September 21, 2016, seven days before it was set to expire and identify the individual(s) responsible and any documents related to, depicting, or documenting the same and the current custodian thereof.

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous as to the terms "lack of approval" and "Special Needs/Urgent Order" and "ordered". Further objection, as this Interrogatory seeks information not within RIDOC Defendants' knowledge. Additional objection, as this Interrogatory assumes facts not in evidence. Without waiving any objections:

I have no knowledge of ever receiving Special Needs/Urgent Orders for Plaintiff on June 28, 2016 or September 21, 2016. Please also see Response No. 7.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 20:** Describe in detail the reason(s) that the Special Needs/Urgent Order approved on September 21, 2016 was not followed and identify the individual(s) responsible, any documents related to, depicting, or documenting the same and the current custodian thereof, and identify the individual(s) responsible for the approval.

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous as to the terms "lack of approval" and "Special Needs/Urgent Order" and "approved" and "not followed". Further objection, as this Interrogatory seeks information not within RIDOC Defendants' knowledge. Additional objection, as this Interrogatory assumes facts not in evidence. Without waiving any objections:

I have no knowledge of ever receiving a Special Needs/Urgent Order for Plaintiff on September 21, 2016. Please also see Response No. 7.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 21:** Describe in detail the reason(s) for the modification and/or denial of the Special Needs/Urgent Order for Plaintiff to receive a "Bottom bunk" because of his "falls from sleep problem" ordered by Doctor Christopher Salas on November 11, 2016 and identify the individual(s) responsible, any documents related to, depicting, or documenting the same and the current custodian thereof, and identify the individual(s) responsible for the modification and/or denial.

11

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous as to the terms "modification" and "denial" and "Special Needs/Urgent Order" and "ordered". Further objection, as this Interrogatory seeks information not within RIDOC Defendants' knowledge. Additional objection, as this Interrogatory assumes facts not in evidence. Without waiving any objections:

To my knowledge the November 11, 2016 order for a bottom bunk was approved on November 17, 2016. Please see Response No. 7.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 22:**     Describe in detail the reason(s) for the lack of approval and/or the delay of fulfillment of the Special Needs/Urgent Order/Medical Furlough for Plaintiff to receive a "CPAP machine" ordered on September 19, 2016 until November 19, 2016 and identify the individual(s) responsible and any documents related to, depicting, or documenting the same and the current custodian thereof.

**RESPONSE:** Objection, as this Interrogatory is vague and ambiguous as to the terms "delay of fulfillment" and "Special Needs/Urgent Order/Medical Furlough". Further objection, as this Interrogatory seeks information not within RIDOC Defendants' knowledge. Additional objection, as this Interrogatory assumes facts not in evidence. Without waiving any objections:

I have no knowledge of receiving a Special Needs/Urgent Order/Medical Furlough for Plaintiff to receive a "CPAP machine" ordered on September 19, 2016. To my knowledge the December 13, 2016 order for CPAP machine was approved on December 14, 2016. Please also see Response No. 7 and 9.

RIDOC Defendants reserve the right the right to supplement or amend this response, in accordance with the Federal Rules of Civil Procedure.

WHEREFORE, RIDOC Defendants reserve the right to supplement and/or amend any of the above responses in accordance with the Federal Rules of Civil Procedure.

Responses No. 1-7 and 9-22,

Keri McCaughey, Deputy Warden
Rhode Island Department of Corrections

Subscribed and sworn under oath before me this _____ day of _February_ 2019.

Notary Public

RAMON CARLOS QUINONES
Notary Public - State of Florida
Commission # GG 292043
My Comm. Expires Feb 4, 2023
Bonded through National Notary Assn.

13

With respect to Responses No. 1 and 8,


_____

Kimberly Kane, Director of Nursing
Rhode Island Department of Corrections



Subscribed and sworn under oath before me this _____26th_____ day of _____Feb,_____ 2019.


_____

Notary Public  5/23/20
             ID# 754123

With respect to all objections,

Justin J. Sullivan, Esq. (#9770)
Special Assistant Attorneys General
Katherine Connolly Sadeck, Esq. (#8637)
Special Assistant Attorneys General
Rhode Island Office of the Attorney General
150 S. Main St. Providence, RI 02903
Tel: (401) 274-4400 | Ext. 2007 / 2294
Fax: (401) 222-2995
jjsullivan@riag.ri.gov / ksadeck@riag.ri.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of February 2019 I mailed a true and accurate copy of the within document to the following counsel of record:

*Counsel for Plaintiff*
Chloe A. Davis, Esq.
chloe.a.davis@gmail.com

*Counsel for Defendant Fred Vohr*
Alexandra C. Curran, Esq.
acurran@tatelawri.com

*Counsel for Defendants Fred Vohr and Jennifer Clarke*
Jeffrey G. Latham, Esq.
jlatham@tatelawri.com

_/s/ Justin Sullivan_____

16

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **STEPHEN MELISE**, <br>     *Plaintiff* <br><br> v. <br><br> **PATRICIA COYNE-FAGUE,** in her official <br> capacity as Director of the Rhode Island Department <br> of Corrections; **ET AL.,** <br>     *Defendants* | **C.A. No. 1:17-cv-00490-MSM-PAS** <br><br><br> **JURY TRIAL DEMANDED** |

**RIDOC DEFENDANTS' ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

**NOW COME** Defendants the State of Rhode Island, Department of Corrections (the "State" or "RIDOC"); Patricia A. Coyne-Fague in her official capacity as Director of RIDOC;[1] Ashbel T. Wall, individually and in his official capacity as former-Director of RIDOC ("A.T. Wall"); and Kerri McCaughey, individually and in her official capacity as former-Deputy Warden ("McCaughey") (collectively, "RIDOC Defendants") and hereby answer the Second Set of Interrogatories propounded by Plaintiff Stephen Melise ("Plaintiff") as follows:

**GENERAL OBJECTIONS**

RIDOC Defendants object to Plaintiff's "I. Introduction," "II. Definitions" and "III. Instructions" to the extent that these sections require responses beyond the scope of or in addition to what is provided for in the Federal Rules of Civil Procedure.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Patricia Coyne-Fague, in her official capacity as Director of the Rhode Island Department of Corrections, is automatically substituted in place of former-Director Ashbel T. Wall in his official capacity, as Defendant A.T. Wall retired from RIDOC in January 2018.

1

<u>**ANSWERS TO INTERROGATORIES**</u>

**INTERROGATORY NO. 22:**     Defendant McCaughey testified that she communicated with and reported to Warden Sergio DeSousa Rosa regarding her review of accommodation requests. Deposition of Defendant McCaughey 169:13-170:23. Please provide a detailed response of what information was reported or otherwise communicated to Warden Sergio DeSousa Rosa about accommodation requests and Defendant McCaughey's review thereof, including but not limited to his awareness that Defendant McCaughey was reviewing them and making determinations based on her own assessment of medical legitimacy, whether he was aware of and/or reviewed any policies regarding the limits of Defendant McCaughey's review of such requests, in particular DOC Policy 18.22, whether he communicated with any other agents of Defendant DOC, including but limited to Defendants Wall, Vohr, and Clarke, related to these issues, and, if so, the form of this communication, what he communicated to them, and what was communicated back in turn. In answering this interrogatory, please provide a list of any memoranda, emails, phone records, reports, or any other documents comprising or otherwise related to this communication.

**ANSWER NO. 22:**   Objection, as this Interrogatory contains multiple sub-parts and/or compound questions that must be counted towards the total number of written interrogatories available to parties under Fed. R. Civ. P. 33(a)(1). Further objection, to the extent that this Interrogatory is vague and ambiguous as to the term "medical legitimacy". Additional objection, as this Interrogatory seeks the disclosure of privileged attorney-client communications. A privilege log will be provided to counsel in accordance with Fed. R. Civ. P. 26(b)(5). Without waiving any objections:

Between June 2014 and July 2015, I had communications with DOC leadership, DOC security staff, and DOC medical staff, concerning multiple instances that I became aware of where Nurse Marianne Warren submitted inappropriate special needs requests on behalf of several different inmates at the Medium Security Facility to former-Deputy Warden Kerri McCaughey. These communications included emails, faxes, and memoranda between myself and Dr. Fred Vhor, Nurse Marianne Warren, James Weeden, Barry Weiner, Kerri McCaughey, and Rui Diniz, and are listed as follows:

- Group of emails dated June 4, 2014 – June 5, 2014
- Group of emails dated June 13, 2014 – June 20, 2014
- Handwritten notes (undated)
- Group of emails dated July 3, 2014 – July 7, 2014
- Memorandum dated July 29, 2014
- Email dated July 29, 2014
- Email dated July 30, 2014
- Email dated July 29, 2014
- Email dated July 29, 2014
- Email dated July 29, 2014
- Email dated July 30, 2014

2

- Memorandum dated August 4, 2014
- Group of emails dated June 22, 2015
- Memorandum dated June 23, 2015
- Memorandum dated June 24, 2015
- Memorandum dated June 25, 2015

*See* RIDOC'S Response No. 1 to Plaintiff's Amended Third Request for Production of Documents.

**INTERROGATORY NO. 23:**    Whether or not the DOC ADA Coordinator—who Defendants have identified as the Associate Director of Health Care Services, namely Joseph Marocco in 2016, and Pauline Marcusseen as of February 29, 2019— or any other agent of the DOC ever reviewed, audited, or otherwise supervised the implementation of DOC ADA accommodations policy to ensure it was being properly implemented, in particular any review, audit, or other supervision of Defendant McCaughey's review of accommodations request, and if so what form such supervision took and what and how any information was communicated between the DOC ADA coordinator and Defendant McCaughey. In answering this interrogatory, please provide a list of any memoranda, emails, phone records, reports, or any other documents comprising or otherwise related to the oversight of Defendant McCaughey's review of accommodations requests and implementation of DOC ADA policies.

> **ANSWER NO. 23:**   Under DOC Policy 18.22 the Associate Director of Health Care Services is designated as the Department ADA Coordinator. The Department ADA Coordinator is responsible for coordinating and monitoring activities and procedures related to special accommodations and access to programs for inmates with disabilities on a department-wide basis. The Deputy Warden in each facility is designated as the Facility ADA Coordinator for the purpose of coordinating and monitoring activities and procedures related to special accommodations and access to programs for inmates with disabilities at each facility. Each Facility ADA Coordinator's responsibilities include, but are not limited to ensuring that education, equipment, and facilities, and the support necessary for inmates with disabilities to perform self-care and personal hygiene in a reasonably private environment is provided, as well as for processing visitor reasonable accommodation requests. Additionally, the Chief of Program Development, is responsible for developing, finalizing, and disseminating all new and revised Department level policies and procedures and ensuring they are consistent with applicable rules, regulations, statutes, and national standards (American Correctional Association).

**INTERROGATORY NO. 24:**     In light of the fact that Plaintiff fell off a top bunk three (3) times, numerous other inmates also fell off top bunks, and that injuries often resulted, and that according to Defendant McCaughey such information was recorded in "the daily packets," which were "a daily packet of events that occurred during the 24-hour shift," and that such information was provided to, at least, the operations deputy warden (see Depo. McCaughey 124:13-125:2), as well as being documents in incident reports that were submitted to the Warden and all Deputy Wardens (see Depo. McCaughey 119:18-123:22) did the DOC investigate the provision of bottom bunks to inmates and/or accommodations requests. If the answer is yes:

> a.    state who conducted or participated in the investigation;
> b.    state when the investigation commenced;

    c.     state the substance of the investigative findings and/or determinations and any action taken as a result thereof;

    d.     state whether Defendant warned, admonished, criticized, disciplined, counseled, or questioned any employee;

    e.     identify all individuals involved, questioned, or consulted; and,

    f.     identify any documents related to, depicting, or documenting the same and the current custodian thereof.

**ANSWER NO. 24:**   I am not aware of any reports indicating "numerous other inmates who fell off top bunks, and that injuries often resulted." To my knowledge, there have been no investigations by RIDOC into "the provision of bottom bunks to inmates and/or accommodations requests," other than the communications described in Answer No. 22 concerning Nurse Marianne Warren.

**INTERROGATORY NO. 25:**      For the time period between January 1, 2013 and the present, please explain the process by which inmate medical requests and medical provider orders where submitted to the Programmatic Deputy Warden of the Medium Security Facility for review, how this process was developed, and who, including name and title/position, was responsible for the development and implementation of this process. In answering this interrogatory, please provide a list of any memoranda, emails, phone records, reports, or any other documents comprising or otherwise related to development, implementation, or operation of this process.

**ANSWER NO. 25:**   RIDOC medical providers may, either at the request of the inmate or on their own, submit a special need request under RIDOC policy 18.22 for inmates who have special needs.

With respect to special needs requests, RIDOC medical providers may submit a request by placing an order in the EMR for a special needs request. Once entered in the EMR system, the provider prints the request and has it delivered to the Facility ADA Coordinator, who reviews it.

If the Facility ADA Coordinator approves a request, a copy of the approved order is sent to the inmate to display on their cell and a copy is sent back to the provider for medical staff to scan back into the EMR system so the approved special needs request can be stored in the inmate's medical file. If the Facility ADA Coordinator denies a request, the paper copy of the denied request is returned to the provider for medical staff to scan back into the EMR system so the denied special needs request can be stored in the inmate's medical file. If there is an issue with a request, the Facility ADA Coordinator can request more information, recommend an alternative, or discuss the issue with the provider.

The practice of printing paper copies of special needs requests was developed because RIDOC security personnel, including the Programmatic Deputy Warden, do not have access to the EMR.

*See* RIDOC'S Response No. 4 to Plaintiff's Amended Third Request for Production of Documents.

**WHEREFORE** RIDOC Defendants reserve the right to amend and/or supplement any of the foregoing Answers to Interrogatories, to the extent permitted by the Federal Rules of Civil Procedure.

[SIGNATURE PAGES TO FOLLOW]

As to the foregoing Answers to Interrogatories, numbers 22 and 24, I hereby swear that they are true and accurate to the best of my knowledge.

As to Answer No. 22 and 24,

**Warden Sergio DeSousa Rosa**
Warden
Rhode Island Department of Corrections

Subscribed and sworn to before me in the City of Providence, County of Providence,

State of Rhode Island, on this ___4___ day of ___February___, 2022.

JESSICA L MONTOYA
Notary Public, State of Rhode Island
Commission # 765267

Notary Public

My commission expires: _____

6

As to the foregoing Answers to Interrogatories, numbers 23 and 25, I hereby swear that they are true and accurate to the best of my knowledge.

As to Answer No. 23 and 25,

**Pauline Marcussen**
Administrator of Healthcare Services
Rhode Island Department of Corrections

Subscribed and sworn to before me in the City of Providence, County of Providence, State of Rhode Island, on this _3rd_ day of _February_, 2022.

Notary Public
My commission expires: _5/29/23_

DONNA D. BROCCOLI
Notary Public, State of Rhode Island
Commission # 60523

7

As to all objections,

RIDOC DEFENDANTS,
By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Justin Sullivan*
_____
Justin J. Sullivan (#9770)
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
150 South Main St. Providence, RI 02903
Tel: (401) 274-4400 | Ext. 2007
Fax: (401) 222-2995
jjsullivan@riag.ri.gov

## CERTIFICATE OF SERVICE

I hereby certify that I served via email, a true and accurate copy of the foregoing, along with all responsive documents, to the following counsel of record on Thursday, February 24, 2022:

| *Counsel for Plaintiff* | *Counsel for Defendants Fred Vohr and Jennifer Clarke* |
|---|---|
| Chloe A. Davis, Esq. | Jeffrey G. Latham, Esq. |
| cad@sinapilaw.com | jlatham@tatelawri.comt |
| | Christine A. Stowell, Esq. |
| | cstowell@tatelawri.com |

*/s/ Justin Sullivan*
_____