UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEPHEN MELISE,<br>    *Plaintiff*<br><br>v.<br><br>PATRICIA COYNE-FAGUE, in her official capacity as Director of the DEPARTMENT OF CORRECTIONS; et al.,<br>    *Defendants* | C.A. No. 1:17-cv-00490-MSM-PAS |

**STATE DEFENDANTS' MOTION TO AMEND ANSWER
TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

**NOW COME** Defendants the State of Rhode Island, the Department of Corrections ("RIDOC" or the "State"), as well as, former-Director A.T. Wall (individual capacity only) ("Wall"), RIDOC Director Patricia Coyne-Fague (official capacity only) ("Coyne-Fague"), and former-Medium Security Deputy Warden Kerri McCaughey (individual and official capacities) ("McCaughey") (collectively, "State Defendants"), and hereby move for leave to amend their Answer to Plaintiff's Request for Admissions, pursuant to Rule 36(b) of the Federal Rules of Civil Procedure. As grounds thereof, State Defendants assert that amendment of the State's Answer No. 29 to strike the extraneous qualifying statement would clarify the State's admission and promote the presentation of the merits of this action. State Defendants further aver that the proposed amendment would not prejudice Plaintiff, as Answer No. 29, if amended to remove the qualifying statement, would preserve the status quo and remain "admitted."

**The Admission and Proposed Amendment**

At present, the State's Answer to Plaintiff's Request for Admission No. 29 states:

1

> 29. Defendant McCaughey neither approved nor denied Plaintiff's medical order dated **June 21, 2016**.
>
> RESPONSE: Objection, as to the term "medical order." Without waiving said objection, admitted, as Deputy Warden McCaughey sent the order back inquiring as to why there wasn't an incident report.

A full copy of the State's Responses to Plaintiff's First Set of Admissions is attached hereto as ***Exhibit A***. The proposed amendment to Admission No. 29 would strike the qualifying statement after the word "admitted" and would state:

> 29. Defendant McCaughey neither approved nor denied Plaintiff's medical order dated **June 21, 2016**.
>
> RESPONSE: Objection, as to the term "medical order." Without waiving said objection, admitted~~, as Deputy Warden McCaughey sent the order back inquiring as to why there wasn't an incident report~~.

**Legal Standard – Amendment of Admissions**

Rule 36 provides a mechanism for withdrawing admissions after they have been deemed admitted, and "[d]istrict courts have considerable discretion over whether to permit withdrawal or amendment of admissions made pursuant to Rule 36." *Foss v. Marvic Inc.*, 994 F.3d 57, 63 (1st Cir. 2021). Under Rule 36(b), a district court "may permit withdrawal or amendment" if two conditions are met: (1) doing so "would promote the presentation of the merits of the action" and (2) "the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*

Here, both conditions are satisfied. The State's Admissions were timely answered on October 5, 2018, at the early stages of discovery in this action. Plaintiff's Request No. 29 asks the State to admit or deny that "McCaughey neither approved nor denied Plaintiff's medical order dated June 21, 2016,"[1] which the State admitted and which the State continues to admit. *See* Ex.

---

[1] The "medical order dated June 21, 2016" refers to the prescription order entered into the EMR by Nurse Warren on June 21, 2016. *See* ECF 128, at 7.

A; *see also* June 21, 2016 Prescription Order, attached hereto as ***Exhibit B***. The extraneous qualifying statement following the State's admission, that "Deputy Warden McCaughey sent the order back inquiring as to why there wasn't an incident report," goes beyond the scope of the request and only adds confusion and incorrect information in light of the record that has developed since the original admission in 2018.

Specifically, based upon the development of this case, the State Defendants are unaware of any evidence that McCaughey "sent the order back inquiring as to why there wasn't an incident report." The State Defendants' legal counsel has also conferred with Plaintiff's legal counsel who is not aware of any information or evidence to support the extraneous information. The information sought to be struck through this motion is also inconsistent with McCaughey's subsequent deposition testimony, which occurred in July 2019:

> **Q.** Can you identify this document?
>
> **A.** It's a special needs request.
>
> **Q.** When is it dated?
>
> **A.** 6/21/2016.
>
> **Q.** By looking at this document, can you determine if you ever saw it or reviewed it or approved or denied it?
>
> **A.** No.

McCaughey Deposition, at 107:12-107:18, attached hereto as ***Exhibit C***. As this case has development, there simply is no evidence or testimony to support this extraneous statement and it should be struck as inconsistent with all evidence.

Notably, Plaintiff's Motion for Summary Judgment appears to recognize that this extraneous statement does not comport with the evidence. The June 21, 2016 prescription order is important because it was the first time a bottom bunk order was written for falls—as opposed to

for neck pain—but no party has presented a document supporting that McCaughey "sent the order back inquiring as to why there wasn't an incident report."  Striking the extraneous information is also consistent with Plaintiff's Motion for Summary Judgment, which argues that McCaughey was aware of Plaintiff's "history of falls" as of "at least September 8, 2016," and does not contend that McCaughey was on notice of a "history of falls" at any earlier date on the basis that she allegedly returned the June 21, 2016 prescription order (at some unknown point in time) asking "why there wasn't an incident report." *See*  Plaintiff's Motion for Partial Summary Judgment (ECF 107-1), at 44.  Seemingly, if the evidence supported the extraneous information, Plaintiff would seize upon this information and argue in his Motion for Summary Judgement that McCaughey was aware of the June 21, 2016 prescription order earlier than September 2016.  *See also* Plaintiff's Objection to State Defendants' Motion for Summary Judgment (ECF 117), at 22 ("…the undisputed record demonstrates that she [McCaughey] did become aware of it at the latest on September 21, 2016, when she approved Dr. Salas' order for a bottom bunk."). In sum, the qualified statement in Response No. 29 is unnecessary and contrary to the record that has developed since 2018 and striking it would promote the presentation of the merits of this case and the search for truth.

Amending the State's Response No. 29 to remove the qualifying statement would also have no prejudicial effect on Plaintiff. First, the qualifying statement offered by the State in 2018, exceeds the scope of Plaintiff's request, which only asks the State to admit or deny that "McCaughey neither approved nor denied Plaintiff's medical order dated June 21, 2016." Striking the extraneous qualifying statement leaves the State's response unchanged: Admitted. As such, amendment would not prejudice Plaintiff in maintaining this action.

4

## CONCLUSION

**WHEREFORE**, State Defendants respectfully request that this Honorable Court grant the instant Motion and permit the State leave to amend Answer No. 29 to Plaintiff's Request for Admission.

Respectfully Submitted,

STATE DEFENDANTS,
By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Justin J. Sullivan*
Justin J. Sullivan (#9770)
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
150 South Main St. Providence, RI 02903
Tel: (401) 274-4400 | Ext. 2007
Fax (401) 222-2995
jjsullivan@riag.ri.gov

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the within document has been electronically filed with the Court through the ECF system on Wednesday, November 16, 2022 and that it is available for viewing and downloading. I also caused a true and accurate copy of the within document to be served through the ECF system on the following parties and/or counsel of record:

| | |
|---|---|
| *Counsel for Plaintiff* | *Counsel for Defendants Fred Vohr and Jennifer Clarke* |
| Chloe A. Davis, Esq. | Jeffrey G. Latham, Esq. |
| cad@sinapilaw.com | Christine A. Stowell, Esq. |
| | jlatham@tatelawri.com |
| | cstowell@tatelawri.com |

*/s/ Justin J. Sullivan*