UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN MELISE, | : | |
|     **Plaintiff** | : | |
| | : | |
| v. | : | C.A. No.: 1:17-cv-00490-MSM-PAS |
| | : | |
| COYNE-FAGUE, *et al.* | : | |
|     **Defendants** | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO AMEND ANSWER TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

Now comes the Plaintiff, Stephen Melise, in the above-described matter and does hereby object to Defendants Rhode Island Department of Corrections' ("DOC"), Kerri McCaughey's ("McCaughey"), Ashbel T. Wall's ("Wall"), and Patricia Coyne-Fague's ("Coyne-Fague") (collectively "State Defendants") Motion to Amend Answer to Plaintiff's Request for Admissions (ECF No. 132) (hereinafter "Defendants' Motion to Amend"). In support thereof Plaintiff avers the following:

    Federal Rule of Civil Procedure 36(b) provides:

> A matter admitted under this rule is conclusively established" unless the court grants a motion to allow it to be withdrawn or amended. The rules goes on to state that a court may "permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed.R.Civ.P. 36(b). This withdrawal provision "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Fed.R.Civ.P. 36(b), Advisory Committee's Note.

Further, as far as Plaintiff can ascertain from the case law, this rule is almost always, if not always, used by Courts to grant relief from RFAs that were deemed admitted because of a failure of a party to respond to them, either in a timely fashion or at all, and to allow actual answers, generally ones in line with other pleadings and submissions, to be provided. *See e.g. Foss v. Marvic Inc.*, 994 F.3d 57, 64 (1st Cir. 2021) (denying a motion to withdraw statements deemed admitted because too much time had elapsed); *Dillon v. United States*, 357 F. Supp. 3d 49, 55-56 (D. Mass. 2019) (granting a motion to withdraw statements deemed admitted because statements went to a central issue in the case and party moving to withdraw had made clear in other pleadings and filings that it was contesting the issue admitted); *Zimmerman v. Cambridge Credit Counseling Corp.*, 529 F. Supp. 2d 254, 264-65 (D. Mass. 2008), *aff'd sub nom. Zimmerman v. Puccio*, 613 F.3d 60 (1st Cir. 2010) (defendants were not entitled to withdrawal of admissions resulting from their failure to timely object or answer RFAs; extensive delay of almost two years, accompanied by only a minimal explanation of "inadvertence," was insufficient to show the diligence that would surmount the good cause standard). Indeed, Plaintiff has not discovered, in admittedly limited research, a single case in which a party has even asked to withdraw or amend an RFA response they actually provided via a signed discovery response, much less a case in which a Court has granted it.  Indeed, as Defendants seem to admit, "Rule 36 provides a mechanism for withdrawing admissions after they have been deemed admitted," not when they have been admitted via a submitted statement of a party. Defendants' Motion to Amend at *2.

Here, Defendants ask that their answer to Admission No. 29, which was signed by Defendants' counsel subject to the requirements of Fed.R.Civ.P. 11, be changed by striking the italicized portion of their previously submitted response:

> 29. Defendant McCaughey neither approved nor denied Plaintiff's medical order dated **June 21, 2016**.

> RESPONSE: Objection, as to the term "medical order." Without waiving said objection, admitted, *as Deputy Warden McCaughey sent the order back inquiring as to why there wasn't an incident report.*

Beyond the fact that Rule 36 does not allow for an admission that is actually admitted rather than deemed admitted to be changed, Plaintiff further objects that the proposed amendment would not serve the presentation of the merits in this case and it would prejudice Plaintiff who is entitled to rely on an admission that was made in a certified response to his discovery request over four (4) years ago, specifically on October 5, 2018.

First, Defendants' RFA response, provided pursuant to Defendants' obligation to investigate and provide accurate responses, was made closer to the events in question than the other evidence Defendants' now cite as reason to change it and should be assumed to represent a better recollection of what happened than later deposition testimony from July of 2019. Further, the deposition testimony that Defendants cite as supporting their amendment neither contradicts the admission, nor elucidates what Defendant McCaughey actually did with the June 21, 2016 medical order, because she was merely asked if, "'by looking at th[e] document," she was able to "determine if she ever saw it, reviewed it or approved or denied it." Deposition of Kerri McCaughey, at 107:12-107:18, attached to Defendants' Motion to Amend as Exhibit C. That Defendant McCaughey testified that she could not determine, from looking at the record on its face, if she had seen it or done anything with it, speaks to the recklessly poor medical and administrative record keeping of Defendants. However, it does not speak to what Defendant McCaughey actually saw or did as she was not asked that. Indeed, the only evidence in the record of what she did with the June 21, 2016 medical order is the Defendants' response to RFA No. 29, made on or before October 5, 2018, that Defendant "McCaughey sent the order back inquiring as

to why there wasn't an incident report." Plaintiff presumed that this response was made based on Defendant McCaughey's then recollection, and that the documentation of such inquiry—if there ever was any—was lost, as was so much documentation in this case. This is the only evidence in the record on that subject and it should be left undisturbed.

 Further, not only is Defendants' RFA admission consistent with the deposition testimony of Defendant McCaughey on which Defendants rely, it is also consistent with the pattern of special needs orders being submitted by medical providers, printed pursuant to the process Defendants outline as being in use for their review, but never appearing back in the medical record with notes. In this case, the Audit Report for Plaintiff Melise's EMR shows that each and every special needs order entered by his medical providers was printed. Plaintiff's Statement of Additional Undisputed Facts ("Plaintiff's SAUF") (ECF No. 137) ¶254. These orders were only printed so that security could review them; there was no other reason to print the orders because medical professionals dealt with the records as part of the EMR. Plaintiff's Statement of Undisputed Facts ("Plaintiff's SUF") (ECF No. 108) ¶163; Affidavit of Pauline Marcussen ("Marcussen Aff.") (Defendant's SUF Exhibit H) (ECF No. 128) ¶¶5-11. After an order is printed, it is then delivered to a mailbox for the Facility ADA Coordinator to review, Defendant McCaughey in this case. Marcussen Aff. ¶9. The Facility ADA Coordinator is then supposed to review the printed special needs accommodation requests within a reasonable time. *Id*. at ¶10. Despite the fact that each order was printed, Defendant McCaughey only responded to seven (7) out of twenty (20), less than half of the orders that were printed, specifically, as Defendants concede: 1) November 12, 2014 (approved), State Defendants' Statement of Undisputed Facts ("State SUF") (ECF No. 110) ¶¶ 33-37 (State's Exhibit H-13); 2) February 9, 2014 (need more info), State SUF ¶¶ 41-45 (State's Exhibit H-14); 3) June 9, 2015 (denied), State SUF ¶¶ 49-51 (State's Exhibit H-15); 4) December

Page **4** of **6**

21, 2015 (denied), State SUF ¶¶ 69-71 (State's Exhibit H-16); 5) September 19, 2016 (approved), State SUF ¶¶ 83-85 (State's Exhibit H-17); 6) November 11, 2016 (approved), State SUF ¶¶ 103-104 (State's Exhibit H-18); and, 7) December 14, 2016 (approved), State SUF ¶¶ 118 (State's Exhibit H-19).

Defendants' admission to RFA 29 supports the inference that these submitted and printed orders were seen by Defendant McCaughey but that she reviewed/responded to them in a way in which no suitable response was returned to medical staff and thus scanned into the EMR. Plaintiff should be allowed to rely on this admission, made over four (4) years ago and uncontradicted by any other evidence in the record. To allow Defendants to change their admission now does nothing but allow them to argue, only slightly more plausibly, against the above inference that Defendant McCaughey saw the order, despite their own previous *intentional* admission. It prejudices Plaintiff for the sole purpose of letting Defendants change an answer that they do not like that they intentionally made.

Based on the forgoing, Plaintiff hereby prays that this Court deny the Defendants' Motion to Amend Answer to Plaintiff's Request for Admissions.

Plaintiff,
By his attorneys,

**Date:  November 29, 2022**          /s/ Chloe A. Davis
**Chloe A. Davis, Esq. (#9334)**
**Richard A. Sinapi, Esq.  (#2977)**
Sinapi Law Associates, Ltd.
2374 Post Road, Suite 201
Warwick, RI 02886
Phone: (401) 739-9690; Fax (401) 739-9040
Email:  cad@sinapilaw.com; ras@sinapilaw.com

## **CERTIFICATION**

I hereby certify that on **November 29, 2022,** a true copy of the within was filed electronically via the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and the filing is available for viewing and downloading from the court's cm/ecf system. Service on the counsel of record has been effectuated by electronic means.

**/s/ Chloe A. Davis**