UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEPHEN MELISE,<br><br> Plaintiff,<br><br>v.<br><br>WAYNE T. SALISBURY, JR., in his official capacity as Acting Director of the Rhode Island Department of Corrections; ASHBEL T. WALL, individually as former Director of the Rhode Island Department of Corrections; FRED VOHR, alias, individually and in his official capacity as Medical Director of the Rhode Island Department of Corrections; JENNIFER CLARKE, alias, individually and in her official capacity as Medical Director of the Rhode Island Department of Corrections; KERRI MCCAUGHEY, alias, individually and in her official capacity as a registered employee of the Rhode Island Department of Corrections; STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, alias; and JOHN DOES 1-10, alias,<br><br> Defendants. | C.A. No. 1:17-CV-0490-MSM-PAS |

## O R D E R

Mary S. McElroy, United States District Judge.

 On February 27, 2023, the Court heard argument on the following motions:

- The Motion for Partial Summary Judgment of the plaintiff, Stephen Melise (ECF No. 107).

1

- The Motion for Summary Judgment of the defendants Rhode Island Department of Corrections ("DOC"), Wayne T. Salisbury Jr., Kerri McCaughey, and Ashbel T. Wall (the "State Defendants") (ECF No. 111).

- The Motion for Summary Judgment of the defendants Jennifer Clarke and Fred Vohr (the "Medical Program Director Defendants") (ECF No. 112).

After considering the parties' written submissions and oral arguments, the Court holds, for the reasons stated on the record, that the Plaintiff's Motion is DENIED; the State Defendants' Motion is GRANTED IN PART and DENIED IN PART; and the Medical Program Director Defendants' Motion is GRANTED.

Specifically as to each Count of the Plaintiff's Amended Complaint, the Court holds as follows:

- On Count I, asserting violation of the Americans with Disabilities Act, 42 U.S.C. § 12132, against defendant DOC, the Plaintiff's Motion is DENIED, and the State Defendants' Motion is DENIED.

- On Count II, asserting violation of the Rhode Island Civil Rights Act, R.I.G.L. § 42-112-1, against defendants DOC, McCaughey, Wall, Vohr, and Clarke, the Plaintiff's Motion is DENIED; the State Defendants' Motion is GRANTED; and the Medical Program Director Defendants' Motion is GRANTED.

- On Count III, asserting violation of the Rehabilitation Act, 29 U.S.C. § 794, against defendant DOC, the Plaintiff's Motion is DENIED, and the State Defendants' Motion is DENIED.

- On Count IV, asserting violation of the Rhode Island Civil Rights of People with Disabilities Act, § 42-87-1, against defendants DOC, McCaughey, Wall, Vohr, and Clarke, the Plaintiff's Motion is DENIED; the Medical Program

2

- Director Defendants' Motion is GRANTED; and the State Defendants' Motion is GRANTED as to DOC and McCaughey in her official capacity, but DENIED as to McCaughey in her individual capacity and against defendant Wall.

- On Count V, asserting violation of the right of freedom from cruel and unusual punishment under 42 U.S.C. § 1983 against defendants McCaughey, Wall, Vohr, and Clarke, the Plaintiff's Motion is DENIED; the State Defendants' Motion is DENIED; and the Medical Program Director Defendants' Motion is GRANTED.

- On Count VI, asserting violation of Article I, § 8 of the Rhode Island Constitution against defendants DOC, McCaughey, Wall, Vohr, and Clarke, the Plaintiff's Motion is DENIED; the State Defendants' Motion is GRANTED; and the Medical Program Director Defendants' Motion is GRANTED.

- On Count VII, asserting negligence against defendants DOC, McCaughey, and Clarke, the Plaintiff's Motion is DENIED; the State Defendants' Motion is DENIED; and the Medical Program Director Defendants' Motion is GRANTED.

Finally, given the genuine issues of material fact noted on the record, which impact the State Defendants' claim of qualified immunity, the Court defers judgment on that issue. *See Ringuette v. City of Fall River*, 146 F.3d 1, 6 (1st Cir. 1998) (holding that when factual disputes exist pertaining to qualified immunity that cannot be resolved on summary judgment, "judges have sometimes deferred a decision until the trial testimony was in or even submitted the factual issues to the jury").

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
March 7, 2023